**Industrial Loan and Trust Company, Appellant, v. William K. Bell, Appellee.**

Opinion filed March 13, 1939. Rehearing denied July 1, 1939.

J. P. STREUBER, of Alton, for appellant; H. GRADY VIEN, of East St. Louis, of counsel.

GREEN, VERLIE & HOAGLAND, of Alton, for appellee.

MR. JUSTICE STONE delivered the opinion of the court.

This case was brought in the circuit court by plaintiff appellant, hereinafter referred to as plaintiff, against defendant appellee, hereinafter referred to as defendant. The plaintiff sues as assignee claiming to be a holder in due course of a certain note based upon and attached to a conditional sales contract whereby

the Kingsland Motor Company, Inc., undertook to sell to defendant a certain automobile. This motor company will hereafter be referred to as the assignor.

The note and contract constituting the alleged sale was entered into between the assignor and the defendant on the 7th day of October, 1937, and on the next day the said note and contract were assigned to plaintiff. At the time of the transaction between the assignor and the defendant there were still due on the note 18 monthly payments of $30.77 each. Defendant paid 9 of these payments, some of them to the assignor and others to the plaintiff. About the time of the end of the 9 payments a prior lienholder on the car replevied the same from the defendant and ultimately deprived him of the possession and claimed ownership of the car.

In its complaint plaintiff made the usual allegations to the effect it was a holder in due course of the note in question and that certain amounts were due thereon and had not been paid, praying judgment. The defendant answered this claim by setting up that there was no consideration for the note and that such fact was known to plaintiff at the time he took the said note and contract.

Plaintiff replied to the answer by denying such allegations and taking the position that if it were true, whether there was any consideration for the note was immaterial. The defendant also filed his cross complaint in which he stated that the 9 payments which he had made were made under a mistaken set of facts and that, therefore, he was entitled to recover back the amount of said 9 payments. Plaintiff answered, denying all these allegations. This in brief is the issue in this case, and I think fairly states it, notwithstanding the fact that it took the plaintiff 13 pages to make its statement and took the defendant 9 more pages to restate the case.

A trial was had before a jury. At the close of plaintiff's evidence defendant moved for judgment, and consideration of that motion was withheld. At the close of all the evidence plaintiff moved for judgment, which motion was denied, and the case submitted to the jury. The jury returned its verdict finding the defendant not guilty as to the claim of plaintiff and finding the issues for the defendant on his counterclaim, and assessing his damages at the sum of $311.50. Plaintiff moved for judgment notwithstanding the verdict, and this motion was denied. Judgment was entered upon the amount found due defendant on his counterclaim. This appeal follows.

The settlement, or rather the restatement, of a question of law which seems to be disputed here,—we do not know why, may help to shorten the consideration of this case.

Plaintiff very earnestly insists that the burden of proof is upon the defendant to show that plaintiff is not a holder in due course, while defendant takes the other side of the issue. Plaintiff has cited some early Appellate Court cases which insofar as they hold the proposition contended for by plaintiff, have either been reversed specifically or reversed in principle not only once but many times by the Supreme Court. Not only that, but section 59 of the Negotiable Instruments Act [Ill. Rev. Stat. 1937, ch. 98, § 79; Jones Ill. Stats. Ann. 89.079] provides that although every holder is deemed to be prima facie a holder in due course, yet, when it is shown that the title of the party who has negotiated the instrument was defective, the burden is on the holder to prove that he or some person under whom he claims acquired the title as a holder in due course. The provisions of this section have been upheld in *Justice v. Stonecipher*, 267 Ill. 448, and *Bell v. McDaniels*, 308 Ill. 329, and numerous other cases; so that there would seem to be little question on this issue in this

case but that the burden was on plaintiff to show that he was such a holder in due course as the statute prescribes. If, therefore, there was contradictory evidence which the court received on this question, or circumstances which amounted to a tendency to prove or disprove the issue, then the question of plaintiff's being a holder in due course was a question properly submitted to the jury. A review of the evidence on that subject shows First, that defendant was viciously defrauded; that he was defrauded by means of a contract which the plaintiff itself prepared, and which is of such a character as to open up an avenue for fraud. The note was equally as harsh for the signer as the contract itself. The note had its foundation in the contract, and recites that it is not payment, but only an evidence of indebtedness. Second, plaintiff took this note from its assignor when it was on the verge of bankruptcy; it not only took an assignment of the note, but the car also was assigned to plaintiff. It may be seen at a glance that the debt here in question was conditioned on the sale and delivery of the car to the defendant. These are all circumstances which it seems to us the jury might properly consider in determining the question of notice to plaintiff. In addition to that, no official who had the authority to bind the bank testified or offered to testify, that the bank did not have knowledge of the whole transaction. Even if some official had so testified it still would be a question of fact for the jury under all the facts and circumstances whether plaintiff actually had knowledge of the defect in plaintiff's title to this note and contract. This issue was submitted to the jury under proper instructions.

Plaintiff complains that the jury was not properly instructed; that its first instruction telling the jury that the burden was on the defendant to show actual notice in the plaintiff should have been given. We have already commented on where the burden of proof lies

in a case of this character and that comment answers the contention that this instruction should have been given.

Plaintiff's second instruction tells the jury that where a person takes an assignment of commercial paper for a valuable consideration before due and is not guilty of bad faith, even though he may be guilty of gross negligence, he will hold it by title valid against the world and he will not be subject to the defense of failure of consideration in his hands. This instruction is bad, not only because it is a general and abstract proposition of law, but it fails to recite the conditions and circumstances under which the note and contract in question were delivered to plaintiff.

Plaintiff's third instruction is obviously bad because it refers to the sale contract,—probably meaning the note, and puts the burden upon the defendant of overcoming the prima facie case made by the contract without regard to whether there was performance either in whole or in part on the part of the plaintiff.

The instructions of the defendant complained of have to do with the burden of proof, which, as we say, we have already discussed.

We think the main issue in this case was properly submitted to the jury.

If plaintiff took the note and contract in question with notice of the fact that there was no consideration, then defendant paid money that he should not have paid. It must necessarily be so; otherwise plaintiff might have destroyed the contract and still undertaken to recover upon its note. Could it be contended that by virtue of this assignment plaintiff could tear up the contract and still recover on the note without regard to the obligations of the contract? We know of no such rule. While this question has not been directly passed upon by the courts of our State, so far as we know, we think it is logical and sound that one cannot have all the

benefits of a contract without taking therewith the obligations imposed by that contract. One of the obligations of the contract was to give defendant a title to the car in question. This plaintiff was not in a position to do so. Under our statute the seller of a chattel guarantees the title to that chattel and while in this case the contract even undertakes to deprive the defendant of that warranty fixed by statute, we are still of the opinion that the statute prevails and that under the circumstances of this transaction, plaintiff, having taken an assignment of the car as well as the contract, was obligated to deliver title to that car the same as the original seller who made the contract would have been. It is obvious, therefore, that if plaintiff had knowledge of the defects in the assignor's title, that it could not deliver title to the car and never was in position to do so, that it received money from defendant which it was not entitled to receive and which was paid under a mistaken state of facts and which under the law may be recovered back. *Brennan v. Persselli,* 353 Ill. 630; *Winkelman v. Erwin,* 333 Ill. 636.

These questions were fairly presented to the jury and the jury found against the plaintiff on its claim and in favor of the defendant on its counterclaim. We find no error in submitting these questions of fact to the jury and we are unable to say that the jury's verdict was against the manifest weight of the evidence.

The jury found against the plaintiff on its claim and in favor of the defendant on its counterclaim and assessed defendant's damages on his counterclaim at $311.50. The court ordered a remittitur of $34.57 on this verdict and entered judgment for the sum of $276.93. That judgment is affirmed.

*Judgment affirmed.*