THE VILLAGE OF ARLINGTON HEIGHTS, Plaintiff-Appellee, v.
MORTON KANTOFF, d/b/a Northwest-V.I.P., Inc., Defendant-Appellant.

First District (4th Division)   No. 1—91—1820

Opinion filed October 22, 1992.—Rehearing denied December 28, 1992.

Burton Berger & Associates, of Chicago (Burton Berger and Adrienne M. Zibelman, of counsel), for appellant.

Ernest R. Blomquist, of Massucci, Blomquist & Brown, of Arlington Heights, for appellee.

JUSTICE JOHNSON delivered the opinion of the court:

This proceeding arose from a suit brought by plaintiff, the Village of Arlington Heights (hereinafter, the Village), against defendant, Morton Kantoff, for failure to improve a parcel of real estate which he bought from the Village on June 21, 1982. The property was to be used temporarily as a parking lot until it was developed. Defendant filed a motion to dismiss contending that he was bound by no terms other than those specifically addressed in the ordinance of conveyance. The trial court denied defendant's motion. The court then ruled in favor of the Village. This appeal followed.

Ordinance No. 82—73 is an ordinance authorizing the sale of real estate. It describes the sale of property located at the northwest corner of Northwest Highway and Douglas Avenue in Arlington Heights, Illinois. The property was rezoned from P—1 (public property) to B—3 (business).

The Village's acceptance of defendant's bid was subject to certain terms and conditions. One of these conditions was that the land could be used by the purchaser for parking pending development. On October 18, 1983, this condition was reiterated in a rider entered between the parties.

On November 28, 1990, the Village cited defendant for violating sections 11.2—12.2 and 6.16—1.2 of the Village of Arlington Heights Municipal Code. According to the Village, these ordinances are implied terms of sale that involve this parcel because of its parking lot character and use. They require off-street parking areas to be surfaced and screened. Defendant contends that he is not bound by these regulations because neither they nor any other ordinances were specifically mentioned in the ordinance authorizing the sale of real estate.

On May 8, 1991, defendant's motion to dismiss was denied. The trial court found that the ordinance of conveyance did not grant defendant permanent relief from the municipality's regulations for parking facilities. This matter was set for trial but never tried. Defendant is appealing the judgment of May 8, 1991. Counsel for both parties have stipulated that this is an appeal from a declaratory judgment. Therefore, this appeal is taken pursuant to the provisions of Illinois Supreme Court Rule 301 (134 Ill. 2d R. 301) from a final judgment entered in the third municipal district of the circuit court of Cook County, Illinois.

There are two issues on appeal. First, defendant contends that the trial court erred by not recognizing and considering all of the terms and conditions of ordinance No. 82—73. Second, defendant contends that the trial court erred in finding that the ordinance of conveyance was subject to other existing ordinances and regulations.

We affirm.

Simply put, ordinance No. 82—73 authorizes the sale of real estate. Section 1 describes in detail the parcel of land that the Village sold to defendant. The section at issue, section 2, states the following:

> "[T]he former use of said property was for a water well site and storage facility. That said land is presently vacant and *will be used by the purchaser for parking while waiting for development.*" (Emphasis added.)

Section 3 is also important as it details the terms and conditions to which the order of conveyance is bound. Similar to section 2, section 3(b) states the following:

> "[T]he sale of the real estate hereinabove described is subject to the following terms and conditions:
> ***

b. That the purchaser shall be entitled to use said real estate for parking purposes pending development ***."

Section 4 involves the enforcement of this ordinance.

■ "The law in existence at the time and place a contract is made is deemed part of that contract to the same extent as though expressly referred to or incorporated in the contract." (*Horwath v. Parker* (1979), 72 Ill. App. 3d 128, 131.) Thus, "[w]here *** a municipal ordinance is applicable to a contract it becomes by operation of law an implied term of that contract." *Bethel Terrace, Inc. v. Village of Caseyville* (1976), 43 Ill. App. 3d 276, 279. See *McMahon v. Chicago Mercantile Exchange* (1991), 221 Ill. App. 3d 935, 947-48.

■ In the instant case, the contract concerns the conveyance of a parcel of land. The law concerning real estate contracts is as follows:

"It is settled law that all contracts for the purchase and sale of realty are presumed to have been executed in the light of existing law, and with reference to the applicable legal principles. [Citation.] Thus, the law existing at the time and place of the making of the contract is deemed a part of the contract, as though expressly referred to or incorporated in it." *Schiro v. W.E. Gould & Co.* (1960), 18 Ill. 2d 538, 544.

■ A court must determine the intention of the parties by close examination of the language used in the contract. (*Green v. Ashland Sixty-Third State Bank* (1931), 346 Ill. 174, 182.) Further, our supreme court has stated the following:

"One who contracts cannot be relieved of the obligation of his contract, which binds him to perform his agreement, without the consent of the other party, and he has no right to impose a condition not provided for in the contract itself." *Green*, 346 Ill. at 183-84.

■ It is not the duty of the court to improve the contractual terms agreed upon by the parties. (*Volid v. Volid* (1972), 6 Ill. App. 3d 386, 393.) Parties who decide to contract with each other cannot accept the "benefits of a contract without taking therewith the obligations imposed by that contract." (*Industrial Loan & Trust Co. v. Bell* (1939), 300 Ill. App. 502, 507-08.) One of these obligations is to abide by the applicable legal principles. Courts cannot change contracts for parties who were misinformed as to the legal effect of the terms and provisions of their contract. *In re Estate of McIlrath* (1934), 276 Ill. App. 408, 415.

Given these legal principles, we now turn to the first issue. The trial court was able to completely examine ordinance No. 82—73 as well as the regulations at issue in the Arlington Heights Municipal

Code. The finding was that the ordinance was for the conveyance of property from the Village to defendant. These municipal regulations were existing at the time the parties agreed to this sale. Further, the trial court found that nothing in ordinance No. 82—73 indicates that defendant was not responsible for the existing regulations of the Arlington Heights Municipal Code. In fact, the court stated as follows:

> "[T]he ordinance [No. 82—73] was not one granting to Defendant-purchaser permanent relief from the totality of Arlington Heights ordinances affecting the use and occupancy of the parcel, specifically those attendant to screening and paving and other improvements."

There is no question that the ordinance allows the property to "be used by the purchaser [defendant] for parking while waiting for development." Yet, by defendant's interpretation, his use of the property as a parking lot should be without limitations, save his own, and without the expense of abiding by the Village regulations concerning parking facilities.

The record indicates that the trial judge examined ordinance No. 82—73, considering all of its terms and conditions. She specifically refers to this ordinance in her findings in support of her order. She also properly considered the applicable law existing at the time this ordinance of conveyance went into effect. The Village ordinances set forth in chapter 28, sections 11.2—12.2 and 6.16—1.2, of the Arlington Heights Municipal Code became implied terms of ordinance No. 82—73 by operation of law. (See *Bethel Terrace, Inc. v. Village of Caseyville* (1976), 43 Ill. App. 3d 76.) Thus, it was not only proper, but absolutely essential that the trial judge consider the applicable sections of the Arlington Heights Municipal Code as well as ordinance No. 82—73, authorizing the sale of real estate.

■ Defendant's misinterpretation of the totality of legal obligations included in the agreement with the Village is unfortunate. However, it is not the function of the trial court or the court on review to revise a contract whose terms were originally agreed upon by both parties. See *Volid v. Volid* (1972), 6 Ill. App. 3d 386; *In re Estate of McIlrath* (1934), 276 Ill. App. 408.

We find that the conclusions of the trial court were not against the manifest weight of the evidence. Thus, we agree with the order of the trial court that defendant should comply with the ordinances of the Arlington Heights Municipal Code.

The second contention on appeal is whether the trial court erred in finding that defendant was subject to the entire body of the Vil-

lage's existing ordinances and regulations for the use and occupancy of the property at issue. Defendant argues that the ordinance of conveyance neither mentioned nor showed an intent to be bound by an incorporated document. We disagree.

As we stated earlier, in forming a contractual agreement, it is presumed that the agreement incorporates existing applicable law. (*First National Bank v. Mid-States Engineering Sales, Inc.* (1981), 103 Ill. App. 3d 572, 574; *Pole Realty Co. v. Sorrells* (1979), 78 Ill. App. 3d 361, 364.) Thus, " 'the courts, in construing the existing law as part of the express contract, *** are merely construing the contract in accordance with the intent of the parties.' " *First National Bank*, 103 Ill. App. 3d at 574, quoting *Schiro v. W.E. Gould & Co.* (1960), 18 Ill. 2d 538, 544.

In the case at bar, municipal ordinances are a part of the existing law and there is no question as to the role of the judiciary in their interpretation. The Illinois Supreme Court stated:

"[T]he judicial role in construing statutes is to ascertain legislative intent and give it effect. To aid in accomplishing this, a court will seek to determine the objective the legislature sought to accomplish and the evils it desired to remedy." (*People v. Scharlau* (1990), 141 Ill. 2d 180, 192.)

Further, it is preferable to determine the legislative intent of a statute from the plain meaning of the language. *M.I.G. Investments, Inc. v. Environmental Protection Agency* (1988), 122 Ill. 2d 392, 398.

■■ The burden of proof necessary to challenge a municipal ordinance has been set forth by our supreme court as follows:

"[I]t [an ordinance] will survive constitutional scrutiny if it is rationally related to a legitimate governmental purpose [citations]. One who challenges an ordinance as failing this test of minimum rationality bears the burden of proving 'by clear and affirmative evidence that the ordinance constitutes arbitrary, capricious and unreasonable municipal action; that there is no permissible interpretation which justifies its adoption, or that it will not promote the safety and general welfare of the public.' " (*Triple A Services, Inc. v. Rice* (1989), 131 Ill. 2d 217, 226, quoting *City of Decatur v. Chastteen* (1960), 19 Ill. 2d 204, 210.)

"It is well settled that unless there is a clear abuse of discretion by the municipality, this court cannot interfere." (*Village of Wheeling v. Exchange National Bank* (1991), 213 Ill. App. 3d 325, 334.) The subordination of an individual's right to freely use his property for the good of the public welfare is a legitimate use of a State's police

power. *City of Evanston v. Create, Inc.* (1981), 85 Ill. 2d 101, 115; *Petterson v. City of Naperville* (1956), 9 Ill. 2d 233, 246-47.

■■ Given these legal principles, we now examine the facts of this second issue. The ordinances that defendant has termed "extraneous" are nothing less than the existing law that must be considered in examining the terms of ordinance No. 82—73. The Arlington Heights Municipal Code existed at the time the Village and defendant agreed to contract for the sale of realty. The particular ordinances concerning parking facilities are specifically applicable to the property at issue, which is being used as a parking lot and has been used as such for the past nine years. Thus, sections 11.2—12.2 and 6.16—1.2 of the Arlington Heights Municipal Code and cumulative regulations are the existing applicable law and should be complied with as part of the express contract for conveyance of the property.

There is no question that the ordinances at issue legitimately address a public interest in safety and in preserving the esthetic value of this property in Arlington Heights. "[C]ourts presume that the General Assembly, in passing legislation, did not intend absurdity, inconvenience or injustice." (*Carson Pirie Scott & Co. v. Department of Employment Security* (1989), 131 Ill. 2d 23, 45.) There is no evidence that the demands of these regulations are in any way arbitrary, capricious or unreasonable. (*Triple A Services, Inc. v. Rice* (1989), 131 Ill. 2d 217, 226.) Instead, defendant contends that because no specific mention of these ordinances was included in the agreement, he cannot be bound by them.

This argument misunderstands the rights of an individual property owner relative to the State. The Village is able to legitimately exercise its municipal power to maintain the Village as a whole. Defendant may argue that he will suffer some detriment in following these regulations. However, these regulations are part of the implied terms of ordinance No. 82—73. Therefore, by entering into a contract with the Village, defendant assumed the responsibility to uphold these regulations as part of his contractual obligations.

In reference to the first issue, defendant argues in his reply brief that "[t]he parties mutually recognized that the obligation to immediately pave and screen, at a cost to Defendant of approximately $80,000.00, would be an unrealistic and unfair financial burden on the Defendant." The request for defendant to uphold these parking regulations did not come "immediately" nor was the right to make such a request ever waived by the Village. With respect to the burdens of municipal ordinances, the Illinois Supreme Court has stated the following:

"The fact alone that the ordinance may operate to impose burdens or restrictions on the property which would not have existed without the enactment of the ordinance is never determinative of the question of validity." *Petterson v. City of Naperville* (1956), 9 Ill. 2d 233, 247.

The general question in this case is what is entailed in ordinance No. 82—73, a contractual agreement for the sale of property. Therefore, the focus is not on the reasonableness or unreasonableness of defendant's inaction, but only on whether he has fulfilled his duties under the contract. The municipal parking ordinances at issue are valid implied terms of ordinance No. 82—73.

For the foregoing reasons, we affirm the order of the trial court finding that defendant should comply with sections 11.2—12.2 and 6.16—1.2 of the Arlington Heights Municipal Code and with cumulative regulations of the community.

Affirmed.

JIGANTI, P.J., and McMORROW, J., concur.