SECOND DIVISION
FILED: July 10, 2007

Nos. 1-06-0414 and 1-06-0697 (Consolidated)

| | | |
|---|---|---|
| STEVEN KERRY FOX, | ) | APPEAL FROM THE |
| | ) | CIRCUIT COURT OF |
| Plaintiff-Appellee/Cross-Appellant, | ) | COOK COUNTY |
| | ) | |
| v. | ) | No. 03 L 10614 |
| | ) | |
| GREGORY A. HEIMANN and MICHELE A. | ) | |
| HEIMANN, | ) | THE HONORABLE |
| | ) | PADDY H. McNAMARA, |
| Defendants-Appellants/Cross-Appellees. | ) | JUDGE PRESIDING. |

JUSTICE HOFFMAN delivered the opinion of the court:

The plaintiff, Steven Kerry Fox, brought this action against the defendants, Gregory A. Heimann and Michele A. Heimann (collectively "the defendants"), asserting claims for breach of contract, common law fraud, and consumer fraud based on his purchase of a three-flat building from the defendants. Following a bench trial, the court entered judgment in favor of the plaintiff on the breach of contract claim and awarded damages of $151,050. The court found in favor of the defendants on the common law fraud and consumer fraud claims. The defendants have appealed the judgment against them for breach of contract, and the plaintiff has cross-appealed the judgment denying recovery on the fraud claims. For the reasons that follow, we affirm the judgment of the circuit court.

The plaintiff's original complaint sought recovery for breach of contract and common law fraud. Both claims were premised on allegations that the defendants failed to disclose material defects in the foundation and walls of the residential three-flat building they sold to the plaintiff on June 4, 2002. The defendants moved to strike the complaint pursuant to section 2-615 of the Code

of Civil Procedure (735 ILCS 5/2-615 (West 2004)), but withdrew their motion before the court ruled on it.

The plaintiff's complaint, as finally amended, consisted of three counts. Count I of the second amended complaint asserted a claim for breach of contract and alleged that the terms of the real estate contract imposed a duty on the defendants to act with good faith and fair dealing and a duty to make truthful material disclosures of defects in the property. The plaintiff alleged that the defendants had knowledge of material defects in the foundation and walls of the property and that they breached their contractual duties by failing to disclose those defects in contradiction to their answers on a real property disclosure report. Count II alleged common law fraud based on the defendants' intentional misrepresentation, failure to disclose, or concealment of latent material defects in the property. Count III sought recovery under section 2 of the Illinois Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505/2 (West 2004)) (the Consumer Fraud Act) on similar grounds.

The defendants moved to dismiss the consumer fraud claim alleged in Count III, asserting that the Consumer Fraud Act does not apply to sales of real estate and that the plaintiff had not alleged that he purchased the three-flat building in a commercial transaction. The court denied the motion to dismiss, and the defendants filed an answer, denying the substantive allegations in the second amended complaint.

The defendants moved for summary judgment on all three counts, asserting, with regard to Count I, that the plaintiff had failed to adequately plead a claim for breach of contract. The plaintiff

Nos. 1-06-0414 and 1-06-0697 (Consolidated)

filed a cross-motion for summary judgment as to liability. The trial court denied both motions, and the cause proceeded to a bench trial on all claims.

The following evidence was presented at trial. The defendants purchased a three-flat apartment building from Sandy Park in October 2000. The building was located at 6120 N. Washtenaw in Chicago and consisted of four rental units, including an apartment in the finished basement. The property was similar to the building across the street, at 6111 N. Washtenaw Avenue, in which the defendants lived at the time. Prior to the defendants' purchase of the building, Park completed a residential real property disclosure report as required by section 35 of the Residential Real Property Disclosure Act (765 ILCS 77/35 (West 2004)) (Disclosure Act). In her disclosure report, Park stated that she was aware of (1) material defects in the basement or foundation (including cracks and bulges), (2) material defects in the walls or floors, and (3) settlement, sliding upheaval or other earth stability defects on the premises. She also indicated that the building was settling to one side, causing cracks in the walls and floors. In order to support the sagging floors, Park hired a contractor to install a steel beam with two supporting piers in the basement.

Gregory Heimann discussed the building purchase and Park's disclosures with Steven Soballe, who was the defendants' neighbor and real estate broker. After walking through the building several times, Soballe told Gregory that he believed the building was in better condition than the defendants' building across the street at 6111. In addition, Soballe said he believed the building at 6120 was similar to his own and looked "good and solid" for an 80-year-old building. Though the lean or slope of the building was typical for buildings of that age and structure, Soballe

3

advised that the information in Park's disclosure report was something that the defendants should "take a hard look at."

Although Gregory Heimann read and signed Park's disclosure report prior to purchasing the building, he testified that he did not discuss the report with Park or with his wife. Michele Heimann denied seeing the disclosure report before the plaintiff filed this action in 2003, and she claimed that she had no prior knowledge of its contents. The defendants did not investigate the statements in Park's disclosure report and did not have the property inspected to determine the extent of the conditions listed in the report. Gregory Heimann denied that he had any knowledge of cracks in the walls, ceilings, or basement foundation that were out of the ordinary or were not visible upon inspection. Subsequent to their purchase of the building, the defendants renovated the kitchens on each floor, resurfaced the roof, and did minor cosmetic painting, plastering, and tiling. However, they performed no structural work on the building and did nothing to conceal any of the conditions that were identified in Park's disclosure report.

After purchasing the three-flat from Park, the defendants jointly owned four different properties that consisted of approximately 29 rental units. In 2002, the defendants sold all of their properties and moved to Tampa, Florida, where they own a 54-unit rental building. In preparation for the sale of the three-flat building they had purchased from Park, the defendants completed a real property disclosure report on March 17, 2002. The report was prepared and signed by Michele Heimann, who was a licensed real estate agent and had been trained on the importance of accurately and truthfully completing disclosure reports mandated by the Disclosure Act. The report prepared by Michele Heimann did not disclose any foundation problems or settling of the building and stated

that she was not aware of (1) material defects in the foundation (including cracks and bulges), (2) material defects in the walls or floors, or (3) settlement, sliding, upheaval or other earth stability defects on the premises.

In early April 2002, the plaintiff walked through the building with Gregory Heimann. The plaintiff saw the first- and second-floor apartments, and Heimann explained that he had installed new wiring, a new porch, and updated kitchens and had roof repairs performed. Heimann also told the plaintiff that the property was in excellent condition.

The plaintiff reviewed the March 17, 2002 disclosure report prior to making an offer to purchase the property, and he testified that he relied on the contents of the report in making his decision to purchase the property. On April 19, 2002, the plaintiff entered into a contract to purchase the building from the defendants for $500,000. Shortly thereafter, the plaintiff retained a professional building inspector to examine the property. The building inspector completed a report indicating that the property was in good shape. He informed the plaintiff that there was some settling of the building, but it was nothing out of the ordinary. However, at the time he performed his examination, the inspector could not see the interior foundation walls or floor because they had been covered when the basement was finished. If the plaintiff's inspector had been able to see the foundation walls and notice any deficiencies, or if he had seen Park's disclosure report indicating the defects in the foundation, he testified that he would have conducted his inspection differently and may have had a different opinion of the condition of the building.

The plaintiff bought the property from the defendants on June 4, 2002. About four and one-half months later, the building underwent a significant settlement that caused a variety of damage

to the property, including openings in the floors and stairs and cracks in the walls and ceilings. Afterward, the plaintiff discovered severe and substantial cracks, bulges, and other substantial structural defects in the foundation, tuckpointing, floors and walls of the building. After this settlement, the sky was visible through a crack in the closet ceiling of the third-floor apartment, and there were splits all the way up the north and south sides of the building. Also, the sewer line was crushed due to the movement of the building.

At trial, the defendants testified that they were aware of cracks in the brick exterior of the building and performed some tuckpointing, but did not make any other structural or foundational repairs on the property during their ownership. Although the building was settling and leaning, neither defendant believed that there were any defects in the property. They also denied having any knowledge of the steel support beam in the basement that Park had installed to control the settlement of the building.

Gregory Heimann stated his opinion that the cracks, sloping floors, and separating flooring had "no effect on the condition of the building." He felt there was no need to disclose the sloping or cracks because they were apparent. Gregory Heimann testified that he believed the cracks and sloping were caused by the location and direction of the floor joists in the front of the building that had naturally settled. He stated that the front of the building in which he lived also had shifted downward, causing the floors to slant toward the street. Gregory determined that the building in which he lived leaned toward the front because the floor beams in the living room ran in a different direction than the floor beams in the back two-thirds of the building. He assumed that the lean in

the building purchased by the plaintiff resulted from the same structural condition and that the building was in good condition.

The plaintiff presented expert testimony that the cause of the building's settlement was desiccation of the claying soil beneath the building. According to the plaintiff's experts, the settlement of the building was significant and unusual for a building of that age. The defendants' expert testified that the cracks in the building were normal, and the settlement of the building was typical for a building of that age.

Upon consideration of the evidence, the trial court found in favor of the plaintiff on the breach of contract claim. In rendering its judgment, the trial court found that the defendants had a joint obligation to disclose known material defects in the property and that Michele Heimann acted as the agent of Gregory in signing the disclosure report. Based on the information in Park's disclosure report, Gregory Heimann knew that the building had significant cracks in the walls and foundation. The court concluded that the disclosure report was part of the real estate sales transaction, and, therefore, the defendants had a duty under the real estate contract to disclose the condition of the building, which they failed to do. Consequently, the court found that the defendants had breached the contract and were liable to the plaintiff for the cost of repairs to the building.

As to both the common law fraud and consumer fraud claims, the court found that the plaintiff had not proved by clear and convincing evidence that the defendants did not believe that the condition of the property was caused by a combination of normal age-related settling and by the horizontal joists, which were similar to their building across the street. The court concluded that, although the plaintiff relied on the disclosure report to his detriment in deciding whether to purchase

the building, he had not proved that the defendants deliberately tried to defraud him. According to the court, the proof adduced at trial was akin to negligent misrepresentation and did not satisfy the higher standard of proof required to establish fraud.

The court entered judgment for the plaintiff on the breach of contract count and, based on the expert testimony regarding the cost of necessary repairs to the building, awarded damages of $151,050. Judgment was entered in favor of the defendants on the common law fraud and consumer fraud claims. The defendants brought this appeal, challenging the judgment against them for breach of contract, and the plaintiff has cross-appealed the denial of recovery on the fraud claims.

We initially address the defendants' appeal from the judgment awarding the plaintiff $151,050 for breach of contract. The defendants argue that this judgment should be reversed because Count I of the second amended complaint failed to allege a claim upon which relief could be granted. In deciding this issue, we must determine whether the allegations contained in Count I, when viewed in the light most favorable to the plaintiff, are sufficient to state a cause of action upon which relief can be granted. Borowiec v. Gateway 2000, Inc., 209 Ill. 2d 376, 382, 808 N.E.2d 957 (2004); Chandler v. Illinois Central R.R. Co., 207 Ill. 2d 331, 349, 798 N.E.2d 724 (2003). Because this issue presents a question of law, our review is de novo. Chandler, 207 Ill. 2d at 349; Imperial Apparel, Ltd. v. Cosmo's Designer Direct, Inc., 367 Ill. App. 3d 48, 51, 853 N.E.2d 770 (2006).

It is established that all defects in pleadings, either in form or substance, not objected to in the trial court are waived. 735 ILCS 5/2-612(c) (West 2004). Thus, where a defendant files an answer to a complaint, any defect in the pleading is waived. Adcock v. Brakegate, Ltd., 164 Ill.2d 54, 60, 645 N.E.2d 888 (1994); Werderman v. Liberty Ventures, LLC, 368 Ill. App. 3d 78, 91, 857

8

Nos. 1-06-0414 and 1-06-0697 (Consolidated)

N.E.2d 320 (2006). If a complaint states a cause of action, no matter how defectively or imperfectly alleged, and is not challenged in the trial court, then such defectively stated cause of action is cured by judgment or verdict and cannot be attacked on appeal. Owens-Illinois Glass Co. v. McKibbin, 385 Ill. 245, 250, 52 N.E.2d 177 (1943); Pieszchalski v. Oslager, 128 Ill. App. 3d 437, 443, 470 N.E.2d 1083 (1984).

In this case, the defendants did not move to dismiss the breach of contract claim asserted in Count I of the second amended complaint. Although the defendants attempted to challenge the sufficiency of Count I in their motion for summary judgment, this was procedurally improper. Janes v. First Federal Savings and Loan Assoc., 57 Ill. 2d 398, 406, 312 N.E.2d 605 (1974) (expressly disapproving of defendant's combination of a section 2-615 motion and a motion for summary judgment). A summary judgment motion may not be used as a substitute for a section 2-615 motion asserting defects appearing on the face of the pleading. Janes, 57 Ill. 2d at 406; Carter v. New Trier East High School, 272 Ill. App. 3d 551, 553-54, 650 N.E.2d 657 (1995); Barber-Colman Co. v. A & K Midwest Insulation Co., 236 Ill. App. 3d 1065, 1069-70, 603 N.E.2d 1215 (1992). Objections to the sufficiency of the complaint must be made specifically under section 2-615. Janes, 57 Ill. 2d at 406; Gustafson v. Consumers Sales Agency, Inc., 414 Ill. 235, 240, 110 N.E.2d 865 (1953); Rowan v. Novotny, 157 Ill. App. 3d 691, 694, 510 N.E.2d 1111 (1987).

Rather than filing a motion to dismiss Count I as legally insufficient, the defendants answered the second amended complaint, and the action proceeded to trial. The court found in favor of the plaintiff on the breach of contract claim and entered a judgment thereon. Consequently, any issues

9

relating to the sufficiency of Count I have been waived and cannot be grounds for reversal of the court's judgment. See Adcock, 164 Ill.2d at 60.

Though the defendants acknowledge that pleading defects are waived if not asserted before judgment, they argue that they may challenge the sufficiency of Count I on appeal under an exception to the waiver rule because that count failed to allege a recognized cause of action. In particular, the defendants contend the breach of contract claim was premised on the assertion that they had breached the implied covenant of good faith and fair dealing, for which there is no recognized cause of action in Illinois.

The defendants correctly assert that Illinois courts have consistently held that the covenant of good faith and fair dealing is not an independent source of duties for the parties to a contract. See Cramer v. Insurance Exchange Agency, 174 Ill. 2d 513, 525, 675 N.E.2d 897 (1996); Beraha v. Baxter Health Care Corp., 956 F.2d 1436, 1443 (7th Cir.1992). Rather, this obligation is essentially used as a construction aid in determining the intent of the parties where an instrument is susceptible of two conflicting constructions. Hill v. St. Paul Federal Bank for Sav., 329 Ill. App. 3d 705, 710, 768 N.E.2d 322 (2002); Resolution Trust Corp. v. Holtzman, 248 Ill. App. 3d 105, 112, 618 N.E.2d 418 (1993). Where a contract specifically vests one of the parties with broad discretion in performing a term of the contract, the covenant of good faith and fair dealing requires that the discretion be exercised " 'reasonably and with proper motive, not arbitrarily, capriciously, or in a manner inconsistent with the reasonable expectations of the parties.' " Mid-West Energy Consultants, Inc. v. Covenant Home, Inc., 352 Ill. App. 3d 160, 165, 815 N.E.2d 911 (2004), quoting Resolution Trust Corp., 248 Ill. App. 3d at 112.

However, the fact that the covenant of good faith and fair dealing does not form an independent contract duty is insufficient to allow the defendants to avoid the consequences of the waiver rule in this case. This is true for two reasons. First, Count I of the second amended complaint asserted that the defendants had breached a duty under the contract to disclose material defects in the property, as well as the implied covenant of good faith and fair dealing. Second, even if the breach of contract claim had been predicated exclusively on a violation of the covenant of good faith and fair dealing, Count I would have alleged a recognized cause of action for breach of contract, albeit imperfectly.

In applying the waiver rule, Illinois courts have distinguished between a complaint that defectively or imperfectly alleges a good cause of action and a complaint that entirely fails to state a cause of action. See <u>Adcock</u>, 164 Ill.2d at 61-62. Only the former is waived by the failure to object in the trial court. <u>Adcock</u>, 164 Ill.2d at 61-62. The exception to the waiver rule applies only when a complaint fails to state a recognized cause of action, and it does not apply when the complaint states a recognized cause of action, but contains an incomplete or otherwise insufficient statement of that cause of action. <u>Adcock</u>, 164 Ill.2d at 62, citing <u>Worner Agency, Inc. v. Doyle</u>, 121 Ill. App. 3d 219, 459 N.E.2d 633 (1984), appeal after remand, 133 Ill. App. 3d 850, 479 N.E.2d 468 (1985) (which held that although trial court erred in denying the defendant's motion to strike the plaintiff's complaint, which attempted to state a contract action but failed to allege any facts supporting consideration, the error was not preserved for review because the defendant filed an answer after the trial court denied its motion to strike).

Here, Count I of the second amended complaint sought recovery for breach of contract, which is a recognized cause of action in Illinois. The defendants have attempted to challenge the sufficiency of Count I by arguing that the underlying allegations on which the breach of contract claim was premised do not state a valid claim upon which relief could be granted. The alleged deficiencies cited by the defendants go to the adequacy of the factual allegations in Count I. Thus, the defendants' argument essentially asserts that the breach of contract claim was defectively pled because the factual allegations in Count I were insufficient to state such a claim. The question of whether Count I adequately pled a breach of contract claim was an issue that should have been raised in a section 2-615 motion in the trial court. The exception to the waiver rule does not apply in this case, and, therefore, the defendants are precluded from challenging the sufficiency of Count I on appeal. See Adcock, 164 Ill.2d at 61-62.

The defendants also challenge the evidentiary basis for the judgment against them. Specifically, the defendants claim the finding that they had breached their duties under the contract must be reversed because the plaintiff failed to prove that the real estate contract imposed a duty to disclose defects in the property. Resolution of this issue hinges on the interpretation of the real estate sales contract to ascertain whether the defendants were contractually bound to disclose to the plaintiff defects in the property. The determination of whether a contract imposes a particular legal duty is a question of law, which is reviewed de novo. Avery v. State Farm Mut. Auto. Ins. Co., 216 Ill. 2d 100, 129, 835 N.E.2d 801 (2005); Ferentchak v. Village of Frankfort, 105 Ill. 2d 474, 480-83, 475 N.E.2d 822 (1985).

12

Nos. 1-06-0414 and 1-06-0697 (Consolidated)

Generally, the duty owed to a plaintiff is measured by the terms of the contractual obligation as reflected within the "four corners" of the contract. Pippin v. Chicago Housing Authority, 78 Ill. 2d 204, 212, 399 N.E.2d 596 (1979); Ivanov v. Process Design Associates, 267 Ill. App. 3d 440, 442, 642 N.E.2d 711 (1993). Yet, it is presumed that parties contract with knowledge of the existing law, and the statutes and laws in existence at the time a contract is executed are considered part of the contract. Braye v. Archer-Daniels-Midland Co., 175 Ill. 2d 201, 217, 676 N.E.2d 1295 (1997); Schiro v. W.E. Gould & Co., 18 Ill. 2d 538, 544, 165 N.E.2d 286 (1960); Monroe Dearborn Ltd. Partnership v. Board of Education, 271 Ill. App. 3d 457, 462, 648 N.E.2d 1055 (1995). "The rationale for this rule is that the parties to the contract would have expressed that which the law implies 'had they not supposed that it was unnecessary to speak of it because the law provided for it.' " Schiro, 18 Ill.2d at 544, quoting 12 I.L.P. Contracts § 230, p. 399.

While a court will not imply factual conditions that the parties failed to express in a contract, a court cannot construe a contract outside the legal conditions underlying a transaction. Finch v. Illinois Community College Bd., 315 Ill. App. 3d 831, 836, 734 N.E.2d 106 (2000); Mitchell Buick & Oldsmobile Sales, Inc. v. McHenry Savings Bank, 235 Ill. App. 3d 978, 985, 601 N.E.2d 1360 (1992); see also Bellmer v. Charter Security Life Ins. Co., 140 Ill. App. 3d 752, 759-60, 488 N.E.2d 1338 (1986) (holding that insurer was precluded from denying claim on lapsed insurance policy where insurer failed to give statutorily required notice of default in payment of premium); DC Electronics, Inc. v. Employers Modern Life Co., 90 Ill. App. 3d 342, 347-48, 413 N.E.2d 23 (1980) (same). Moreover, it is well settled that all contracts for the purchase and sale of realty are presumed to have been executed in the light of existing law, which is deemed to be a part of the contract, as

13

though expressly referred to or incorporated therein. Schiro, 18 Ill. 2d at 544-46 (holding that city code provisions regarding drainage and connections for water and sewer service were deemed to be part of contract for sale of real estate and building to be constructed thereon and that failure to comply with code provisions was tantamount to breach of contract); Village of Arlington Heights v. Kantoff, 238 Ill. App. 3d 57, 60-61, 606 N.E.2d 142 (1992) (holding that municipal ordinances regarding maintenance of off-street parking areas became implied terms of contract for sale of real estate by operation of law).

In this case, the Disclosure Act was in existence when the plaintiff and the defendants executed the real estate contract, and it statutorily mandated that the defendants disclose known material defects in the property. Applying the principles set forth above, we presume that the real estate contract was executed in light of the existing law and that the provisions of the Disclosure Act are deemed to be part of the contract, as though expressly referred to or incorporated therein. See Braye, 175 Ill. 2d at 217; Schiro, 18 Ill. 2d at 544; Mitchell Buick & Oldsmobile Sales, Inc., 235 Ill. App. 3d at 985. Accordingly, we hold that the defendants were contractually obligated to disclose material defects in the property. It is undisputed that the defendants did not advise the plaintiff of any defects in the property. As the trial court correctly found, the defendants breached their contractual obligation by failing to inform the plaintiff of known material defects that were disclosed to them when they purchased the building from Park.

On appeal, the defendants contend that the plaintiff could not recover for breach of contract based on the failure to disclose material defects because he failed to bring this claim within the one-year limitations period set forth in the Disclosure Act, 765 ILCS 77/60 (West 2004). However, the

14

expiration of a statute of limitations is an affirmative defense, which is forfeited if not timely raised in the trial court. Smith v. Menold Const., Inc., 348 Ill. App. 3d 1051, 1058, 811 N.E.2d 357 (2004). In this case, the defendants did not raise the Disclosure Act's one-year limitations period as a ground for dismissal in a motion to dismiss, nor did they assert it as an affirmative defense in their answer to the second amended complaint. Consequently, the defendant's contention has been waived for purposes of review, and we will not comment on whether the breach of contract claim brought by the plaintiff was governed by the ten-year statute of limitations applicable to written contracts in general (see 735 ILCS 5/13-206 (West 2004)) or by the one-year limitations period set forth in the Disclosure Act.

For all of the reasons stated above, we affirm the trial court's judgment in favor of the plaintiff on the breach of contract claim in Count I of the second amended complaint.

We next consider the plaintiff's cross-appeal, challenging the trial court's entry of judgment in favor of the defendants on his common law and consumer fraud claims. In reviewing a judgment entered after a bench trial, the trial court's findings will not be disturbed on appeal unless they are against the manifest weight of the evidence. Eychaner v. Gross, 202 Ill. 2d 228, 251, 779 N.E.2d 1115 (2002); International Capital Corp. v. Moyer, 347 Ill. App. 3d 116, 121, 806 N.E.2d 1166 (2004). A judgment is against the manifest weight of the evidence only if the opposite conclusion is apparent or when findings appear to be arbitrary, unreasonable, or not based on the evidence presented at trial. Corral v. Mervis Industries, Inc., 217 Ill. 2d 144, 154, 839 N.E.2d 524 (2005); Eychaner, 202 Ill. 2d at 252.

Nos. 1-06-0414 and 1-06-0697 (Consolidated)

A reviewing court may not reweigh the evidence or substitute its judgment for that of the trier of fact. Eychaner, 202 Ill.2d at 252; Kalata v. Anheuser-Busch Cos., 144 Ill. 2d 425, 434, 581 N.E.2d 656 (1991). The trial court's findings of fact are entitled to deference, particularly where credibility determinations are involved. Eychaner, 202 Ill.2d at 251; Zaderaka v. Illinois Human Rights Comm'n, 131 Ill. 2d 172, 180, 545 N.E.2d 684 (1989). " 'Underlying this rule is the recognition that, especially where the testimony is contradictory, the trial judge, as the trier of fact, is in a position superior to that of a court of review to observe the conduct of the witnesses while testifying, to determine their credibility, and to weigh the evidence and determine the preponderance thereof.' " Eychaner, 202 Ill. 2d at 270-71, quoting Schulenburg v. Signatrol, Inc., 37 Ill. 2d 352, 356, 226 N.E.2d 624 (1967); Webb v. Mount Sinai Hosp. and Medical Center of Chicago, Inc., 347 Ill. App. 3d 817, 826, 807 N.E.2d 1026 (2004). A judgment will not be overturned merely because the reviewing court might disagree with the judgment or might have come to a different conclusion. Eychaner, 202 Ill.2d at 270-71.

We first address the plaintiff's argument that the court erred in denying recovery for common law fraud where the defendants did not inform him of material defects in the property. A vendor of a used home has a duty to disclose facts which (1) materially affect the value or desirability of the property, (2) are known or accessible only to him, and (3) he knows are not accessible or known to a diligent buyer. CNA Ins. Co. v. DiPaulo, 342 Ill. App. 3d 440, 443, 794 N.E.2d 965 (2003); Mitchell v. Skubiak, 248 Ill. App. 3d 1000, 1005, 618 N.E.2d 1013 (1993); Posner v. Davis, 76 Ill. App. 3d 638, 644, 395 N.E.2d 133 (1979).

16

To prove common-law fraud, the plaintiff must prove that the defendants intentionally made a false statement of material fact or failed to disclose a material fact, that the plaintiff had a right to rely on the false statement or omission, that the statement or omission was made for the purpose of inducing reliance thereon, the plaintiff, in fact, relied on the statement or omission, and the plaintiff suffered injury as a direct result. Connick v. Suzuki Motor Co., 174 Ill. 2d 482, 496, 675 N.E.2d 584 (1996); Mitchell, 248 Ill. App. 3d at 1004-05; Tan v. Boyke, 156 Ill. App. 3d 49, 54, 508 N.E.2d 390 (1987); Zimmerman v. Northfield Real Estate, Inc., 156 Ill. App. 3d 154, 161, 510 N.E.2d 409 (1986). The defendants' knowledge of the falsity of the statement, or a deliberate concealment with the intent to deceive, is an essential element of common-law fraud. Park v. Sohn, 89 Ill. 2d 453, 459, 433 N.E.2d 651 (1982). Common law fraud must be proved by clear and convincing evidence. Avery v. State Farm Mut. Auto. Ins. Co., 216 Ill. 2d 100, 191, 835 N.E.2d 801 (2005).

Here, the evidence presented at trial included the testimony of Gregory Heimann, who stated that he was not aware of any defects in the property. Although he read and signed Park's disclosure report, Gregory determined that the building's cracks and downward slope toward the front of the property was attributable to normal settlement of an old building and to the location and direction of the floor joists in the front of the building that had naturally settled. Gregory Heimann denied that he had any knowledge of cracks in the walls, ceilings, or basement foundation that were out of the ordinary or were not visible upon inspection. In addition, Michele Heimann testified that, until this litigation was commenced, she had no knowledge at all regarding the information contained in Park's disclosure report, and she was not aware of any defects in the property. The defendants stated

17

that they had not discussed with Park the information in her disclosure report, and they did not hire a building inspector to examine the property prior to their purchase.

The trial court considered the evidence presented at trial and specifically found that the plaintiff had failed to prove by clear and convincing evidence that the defendants did not believe the condition of the property was caused by a combination of normal age-related settling and by the horizontal joists, which were similar to their building across the street. Characterizing the defendants conduct as akin to negligent misrepresentation, the court found that the plaintiff had not proven that the defendants deliberately tried to defraud him. In reaching this conclusion, it was incumbent on the court to assess the credibility of the witnesses and weigh the evidence. On review of the record presented and the findings of the trial court, we cannot say that the judgment was against the manifest weight of the evidence. Consequently, the entry of judgment in favor of the defendants on the common law fraud claim is affirmed.

We next address the plaintiff's argument that the court erred in denying recovery for consumer fraud. A trial court's decision regarding proof of consumer fraud is reviewed under the manifest weight of the evidence standard. Avery, 216 Ill. 2d at 190.

To succeed in a private cause of action under the Consumer Fraud Act, a plaintiff must prove " '(1) a deceptive act or practice by the defendant, (2) the defendant's intent that the plaintiff rely on the deception, (3) the occurrence of the deception in the course of conduct involving trade or commerce, and (4) actual damage to the plaintiff (5) proximately caused by the deception.' " Avery, 216 Ill. 2d at 190, quoting Oliveira v. Amoco Oil Co., 201 Ill. 2d 134, 149, 776 N.E.2d 151 (2002).

In denying relief on this claim, the court concluded that the plaintiff had failed to prove that

the defendants did not believe the condition of the property was caused by a combination of normal age-related settling and by the horizontal joists. Thus, the court essentially found that the plaintiff failed to prove that the defendants had committed a deceptive act with the intent that the plaintiff rely on the deception. As stated above, this conclusion was premised on the court's assessment of the credibility of the witnesses and its determination regarding the proper weight to be afforded the evidence. Based on our review of the record, we do not find the trial court's decision to be against the manifest weight of the evidence, and it is affirmed.

As a final point, we observe that the trial court decided the common law fraud and consumer fraud claims in tandem and applied the clear and convincing standard of proof for both. Yet, the appropriate standard of proof for a claim brought under the Consumer Fraud Act is the preponderance of the evidence. Avery, 216 Ill. 2d at 191. Although the trial court should have decided the consumer fraud claim under the preponderance of the evidence standard, the plaintiff did not raise the issue before the circuit court, nor has he argued it on appeal. Accordingly, this issue has been forfeited. See 210 Ill. 2d R. 341(h)(7); People v. Lantz, 186 Ill. 2d 243, 261-62, 712 N.E.2d 314 (1999); L.A. Connection v. Penn-America Insurance Co., 363 Ill. App. 3d 259, 266, 843 N.E.2d 427 (2006).

For the foregoing reasons, we affirm the judgment of the circuit court.

Affirmed.

WOLFSON, P.J., and SOUTH, J., concur.