CHARLES W. LASHER

*v.*

CARTER L. LITTELL.

*Opinion filed April 24, 1903—Rehearing denied June 4, 1903.*

1. MALICIOUS PROSECUTION—*when case should go to jury.* It is not error to allow an action for malicious prosecution to go to the jury if the evidence tends to show malice and want of probable cause.

2. SAME—*conspiracy is not the gist of an action for malicious prosecution.* The unlawful acts done in pursuance of a conspiracy, and not the fact of the conspiracy itself, are the gist of an action for malicious prosecution.

3. SAME—*when judgment may be had against one defendant.* An action for malicious prosecution against several defendants alleged to have conspired together may be dismissed as to part of the defendants, and judgment may be recovered against the one of the two remaining defendants who was served with process.

4. EVIDENCE—*everything done or said in pursuance of conspiracy is admissible against each conspirator.* If the fact of a conspiracy between several persons is proven, everything said or done by either of the conspirators in furtherance of the conspiracy is admissible against the others, whether present at the time or not.

*Lasher* v. *Littell*, 104 Ill. App. 211, affirmed.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. R. W. CLIFFORD, Judge, presiding.

This was an action on the case, brought by the appellee in the circuit court of Cook county, against the appellant and G. Lasher, Francis W. Savage and John Johnson, for malicious prosecution. The case was subsequently dismissed as to G. Lasher and Francis W. Savage, and John Johnson was not served with process. The appellant filed the general issue, and a trial was had before a jury, which resulted in a verdict and judgment against the appellant for $1500, which has been affirmed by the Branch Appellate Court for the First District, and a further appeal has been prosecuted to this court.

The evidence introduced on behalf of the appellee showed that he was a resident of Washington, in the State of Indiana, where he had been engaged in the mercantile business for a number of years, in company with his son; that previous to his arrest his firm had shipped to G. Lasher & Son, a commission firm in Chicago of which the appellant was a member, four car-loads of melons, which were sold and the proceeds accounted for. Subsequently his firm shipped to G. Lasher & Son four other cars of melons for sale, accompanied by drafts with bills of lading attached. After the melons were received G. Lasher & Son notified the firm of appellee that they must ship two more car-loads of melons without drafts, or the drafts for the four car-loads then on track in Chicago would not be paid. The appellee went to Chicago and called at the place of business of appellant, where he was informed the drafts would be paid on the following morning. At the time agreed upon he went to the bank where the drafts were to be paid, waited for some time, and no one appearing from the office of G. Lasher & Son, and being informed by the bank that two of the

drafts had been paid, he took up the bills of lading for the remaining cars, went to the railroad yards and sold the melons in the cars on track. John Johnson and Francis W. Savage were in the employ of G. Lasher & Son,—Johnson as book-keeper and Savage as salesman. After the melons had been sold by the appellee, Savage presented to him a bill for $8.98 for commissions, in the name of G. Lasher & Son. Upon the appellee refusing to pay the bill, Savage said to him he would regret it. On the next day the appellee was arrested upon a warrant sworn out before one of the justices of the peace of Cook county by John Johnson, charging him with having violated an ordinance of the city of Chicago by selling two car-loads of melons in the city without a license. He was taken before the justice, and being a stranger in the city and unable to give bail, was incarcerated in a cell at the Harrison street station, where he remained for some hours and until he could give bail. He afterwards obtained bail and was released. He appeared before the justice on the next morning, when the hearing of the case was continued until the following day, at which time he appeared, and upon a hearing was discharged by the justice. The appellant was present at the hearing before the justice, and stated to the attorney of appellee, on being asked why he was making the appellee trouble, "Let him settle with me," and upon said attorney stating that he could not get the appellee fined, he said, "We will see whether we will or not." The appellee admitted upon the trial of this case the sale of two car-loads of melons upon track in the city of Chicago, but it did not appear that it was unlawful to make such sales in the city without a license. No ordinance prohibiting such sales without a license in the city was introduced in evidence.

Appellant introduced no evidence, but at the close of appellee's evidence moved the court to instruct the jury to find for the defendant, which the court declined to do.

ULYSSES G. HAYDEN, for appellant.

H. G. COLSON, and AVERY R. HAYES, for appellee.

Mr. JUSTICE HAND delivered the opinion of the court:

It is first contended that the court erred in declining to take the case from the jury. The evidence fairly tended to show want of probable cause for the arrest, and malice, and the court did not err in submitting the case to the jury.

It is next contended that the appellee having averred in the declaration that the appellant conspired, etc., with G. Lasher, Francis W. Savage and John Johnson, he must recover judgment against two or more of the defendants or none. The unlawful acts done in pursuance of a conspiracy, and not the fact of the conspiracy, are the gist of the cause of action in an action on the case for malicious prosecution. (*Bonney* v. *King*, 201 Ill. 47; *Hamilton* v. *Smith*, 39 Mich. 222.) In the *Hamilton case* the law governing a charge of conspiracy in a declaration like this is well stated by Graves, J., as follows (p. 230): "In very ancient times all actions for malicious prosecution were laid, where two or more defendants were involved, with a charge of conspiracy, and this practice is supposed to have been adopted from analogy to the statutory form of the old writ of conspiracy. But the early practice has been long obsolete. The action is not for conspiracy, but is simply an action on the case. The gist of it is not the conspiracy, but the damage to the plaintiff by the wrongful acts of the defendants; and this is equally actionable whether it be the result of conspiracy or not. As matter of pleading the charge of conspiracy is mere surplusage and only entitled to be looked at as a matter of aggravation, and the insertion of the averment of it does not change the nature of the action at all. It is still an action on the case and to be tried and disposed of accordingly. (2 Selw. N. P. 1062; 2 Saund. Pl. & Ev. 320, note;

*Savile* v. *Roberts*, 1 Ld. Raym. 374; *Parker* v. *Huntington*, 2 Gray, 124; *Tappan* v. *Powers*, 2 Hall, (N. Y.) 277; *Herron* v. *Hughes*, 25 Cal. 555; *Hinchman* v. *Richie*, Brightly, (Pa.) 143; *Page* v. *Parker*, 40 N. H. 66; 2 Chitty's Pl.—16th ed.— 498.) That in point of fact there was a conspiracy would be competent to be proved without any charge of it, and satisfactory evidence of it would be ground for letting in the acts and doings of each against both."

In actions for malicious prosecutions, as in most other actions of tort, persons jointly engaged in the acts complained of may be united as defendants, or sued severally in separate suits until plaintiff's claim is barred by the satisfaction of a judgment in his favor. (13 Ency. of Pl. & Pr. p. 427.) The case was dismissed as to G. Lasher and Francis W. Savage, and John Johnson was not served. The court did not err in proceeding with the trial of the case as against the appellant. *Davis* v. *Taylor*, 41 Ill. 405; *Illinois Central Railroad Co.* v. *Foulks*, 191 id. 57.

It is also contended that the court erred in admitting proof of the acts and declarations of Johnson and Savage when the appellant was not present. The court, from the evidence, was justified in holding that the appellant and Johnson and Savage were acting together in causing the arrest of the appellee, and the conspiracy being established, everything said, written or done by either of the conspirators in execution or furtherance of the common purpose is deemed to have been said, done or written by every one of them and may be proved against each. *Hamilton* v. *Smith, supra.*

It is further contended the damages are excessive. That question was settled by the judgment of the Appellate Court, and it is not open to review in this court. *Illinois Central Railroad Co.* v. *Turner*, 194 Ill. 575.

Finding no reversible error in this record, the judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*