(No. 76053.—)

SAMUEL THOMAS ADCOCK, Ex'r of the Estate of Hubert Adcock, Jr., Deceased, Appellee, v. BRAKEGATE, LTD., *et al.* (Owens-Corning Fiberglas Corporation, Appellant).

*Opinion filed November 23, 1994.—Rehearing denied January 30, 1995.*

Kelley, Drye & Warren (John Dames, M. Jayne Rizzo and Carolyn Quinn, of counsel) and Ruth E. Van Demark, all of Chicago, and Karen I. Ward and Robert G. Toews, of Columbus, Ohio, for appellant.

James Walker, Ltd., of Bloomington, for appellee.

Robert H. Riley, Catherine Masters Epstein, Carol R. Prygrosky and Jayant W. Tambe, of Schiff, Hardin & Waite, of Chicago, for *amicus curiae* Owens-Illinois, Inc.

CHIEF JUSTICE BILANDIC delivered the opinion of the court:

The plaintiff, Samuel Adcock, as executor of Hubert Adcock, Jr.'s estate, brought an action in the circuit court of McLean County against Owens-Corning Fiberglas Corporation (Owens-Corning) and other manufacturers of asbestos-containing products. The plaintiff's action sought damages allegedly arising from the decedent's exposure to asbestos in his work environment. ·

Counts XXI and XXII of the plaintiff's third-amended complaint, which were the only counts directed against Owens-Corning, sought recovery for civil conspiracy. The trial court denied Owens-Corning's motion to dismiss these counts for failure to state a cause of action.

Pursuant to Supreme Court Rule 237(b) (134 Ill. 2d R. 237(b)), the plaintiff served Owens-Corning with notice to produce several of its employees as witnesses at trial. Owens-Corning refused to produce two of its corporate officers as witnesses, despite a court order that it do so. As a result, the trial court entered a judgment against Owens-Corning on the issue of liability as a sanction. The case proceeded to trial on the issue of damages only. The jury returned a verdict for the plaintiff in the amount of $213,811.79. The trial court entered judgment on the verdict and denied Owens-Corning's motion for post-trial relief. The appellate court affirmed the judgment of the trial court. (247 Ill. App. 3d 824.) We allowed Owens-Corning's petition for leave to appeal (145 Ill. 2d R. 315) and now affirm the appellate court.

## BACKGROUND

The decedent, Hubert Adcock, Jr., was employed by Unarco Industries (Unarco) at an asbestos plant located in Bloomington, Illinois. The decedent worked at the plant from 1954 through the end of 1970. In April 1970, Adcock's employer, Unarco, sold the Bloomington plant to Owens-Corning. Following the sale, Owens-Corning manufactured asbestos-containing products at the Bloomington plant. Unarco continued to manufacture stainless steel sinks at the Bloomington plant following Owens-Corning's purchase of that plant. The decedent worked in Unarco's sink division within the Bloomington plant until the end of 1970. While working at the Bloomington plant, the decedent was allegedly exposed to asbestos products. As a result of such exposure, he

contracted pulmonary asbestosis and peritoneal mesothelioma, a cancer caused by exposure to asbestos. The decedent died in July 1987.

In December 1987, the plaintiff filed his initial complaint against Owens-Corning and other defendants not parties to this appeal. Two counts of that complaint were directed at Owens-Corning and sought recovery for civil conspiracy. Owens-Corning moved to strike and dismiss the complaint, stating that civil conspiracy is not an actionable tort in Illinois. The trial court granted the motion, concluding that, although civil conspiracy is a recognized tort in this State, the plaintiff's complaint contained several factual deficiencies.

Subsequently, the plaintiff filed the third-amended complaint. Counts XXI and XXII of the amended complaint, which were directed at Owens-Corning, sought damages under the Wrongful Death Act and the Survival Act. Both counts alleged that the decedent was exposed to asbestos while he worked at the Bloomington plant and, as a result of his exposure, contracted asbestosis and mesothelioma. These counts also asserted that Owens-Corning entered into a conspiracy with other asbestos manufacturers, who are not involved in this appeal. The agreement's alleged purposes were to suppress information about the hazards of asbestos exposure and to assert positively claims that the conspirators knew were false, namely, that it was safe to work with and in close proximity to asbestos. The complaint further alleged that one or more of the conspirators performed tortious acts in furtherance of the conspiracy. For example, the complaint alleged (1) that Unarco employed the decedent without warning him of the risks associated with asbestos exposure; (2) that Johns-Manville sold asbestos to which the decedent was exposed without warning of the dangers; and (3) that Owens-Corning and its co-conspirators fraudulently

misrepresented that it was safe to work with and in close proximity to asbestos, thereby causing the workers to suffer asbestos-related injuries. Lastly, the complaint alleged that the decedent suffered damages as a proximate result of the conspiracy and acts performed in furtherance thereof, in that he contracted asbestosis and mesothelioma. The amended complaint corrected the factual deficiencies noted by the trial court.

Owens-Corning moved to strike and dismiss the amended complaint for failure to state a cause of action (Ill. Rev. Stat. 1991, ch. 110, par. 2—615). The trial court denied Owens-Corning's motion. Significantly, Owens-Corning elected not to stand on its motion to dismiss. Instead, it filed an answer denying the essential allegations raised in the plaintiff's complaint. The case proceeded.

Prior to trial, the plaintiff served Owens-Corning with notice pursuant to Supreme Court Rule 237(b) (134 Ill. 2d R. 237(b)) to produce several Owens-Corning employees as witnesses at trial. Two of the witnesses named in the Rule 237(b) notice were Dr. Jon Konzen, Owens-Corning's medical director, and W.W. Boeschenstein, former chairman and chief executive officer of Owens-Corning and a current member of its board of directors. Owens-Corning filed a motion to quash plaintiff's Rule 237(b) request insofar as it related to the production of Konzen and Boeschenstein at trial. It argued that the plaintiff could not demonstrate good cause as to why these witnesses were necessary and had not indicated how these witnesses' testimony would evidence a conspiracy. It also argued that the due process rights of the witnesses would be violated if they were compelled to testify because they were residents of Ohio and not subject to personal jurisdiction in Illinois.

At the hearing on Owens-Corning's motion to quash, plaintiff's counsel requested that the witnesses be

produced outside the presence of a jury so that it could demonstrate "good cause" for calling them through question and answer sessions with the witnesses. When Owens-Corning declined to produce the witnesses for this purpose, plaintiff's counsel provided oral argument showing the relationship of Konzen and Boeschenstein to the issues in dispute. Documents introduced in support of this argument tended to show that Konzen's and Boeschenstein's testimonies would demonstrate that Owens-Corning was aware of the risks associated with its asbestos products; that Owens-Corning was concerned about the unfavorable consequences which would follow if these risks became widely known; that Owens-Corning made concerted efforts to prevent such risks from becoming widely known, by declining to give warnings of the hazards associated with asbestos and by deliberately misrepresenting that asbestos posed no hazards to health; that Owens-Corning knew that the amount of airborne asbestos in the Bloomington plant was excessive and posed a serious risk to the health of those working in the plant; and that Owens-Corning knew that those who worked there were not aware of the risks.

The trial court denied Owens-Corning's motion to quash the Rule 237(b) notice and ordered it to produce Konzen and Boeschenstein at trial. Owens-Corning refused to comply with the trial court's order to produce the two witnesses. In response, the plaintiff moved for sanctions. The trial court granted the plaintiff's motion, struck Owens-Corning's answer, and entered a judgment against Owens-Corning as to liability. See also *Johnson v. Owens-Corning Fiberglas Corp.* (1992), 233 Ill. App. 3d 425; *Kearney v. Brakegate, Ltd.* (1994), 263 Ill. App. 3d 355 (where similar judgments were entered to sanction Owens-Corning's refusal to produce Konzen and Boeschenstein).

The trial proceeded on the issue of damages alone. At the close of the evidence regarding damages, Owens-Corning renewed its earlier motion for judgment on the pleadings and asked the trial court to reconsider its ruling striking its answer. The trial court denied these motions. As stated, the jury returned a verdict in the plaintiff's favor in the amount of $213,811.79. The trial court entered judgment on that verdict.

Owens-Corning appealed, arguing that the trial court erred in denying its motion to dismiss the plaintiff's complaint for failure to state a cause of action. Owens-Corning contended that the plaintiff's complaint was deficient because civil conspiracy is not actionable absent underlying intentional, tortious conduct. Owens-Corning also argued that the trial court abused its discretion by entering a judgment against it as a sanction. The appellate court affirmed. 247 Ill. App. 3d 824.

## ANALYSIS

In this court, Owens-Corning abandons its challenge of the sanction as too harsh. Owens-Corning merely argues that the plaintiff's complaint fails for insufficiency. Its position is that the jury's verdict assessing its liability cannot stand because the trial court erroneously denied its earlier motion to dismiss the complaint.

Generally, where a trial court denies a defendant's motion to dismiss a complaint, and that defendant elects to file an answer to the complaint, the defendant *waives* any defect in the pleading. (*Cottrell v. Gerson* (1939), 371 Ill. 174 (cited with approval in *Foxcroft Townhome Owners Association v. Hoffman Rosner Corp.* (1983), 96 Ill. 2d 150, 155); 3 R. Michael, Illinois Practice § 27.5, at 513 (1989).) A corollary to the waiver principle is the doctrine of aider by verdict. Under that doctrine, where a defendant allows an action to proceed to verdict, that " 'verdict will cure not only all formal and purely

technical defects and clerical errors in a complaint, but will also cure any defect in failing to allege or in alleging defectively or imperfectly any substantial facts which are essential to a right of action.' " *Swager v. Couri* (1979), 77 Ill. 2d 173, 185, quoting *Lasko v. Meier* (1946), 394 Ill. 71, 73-74.

In this case, Owens-Corning elected not to stand on its motion to dismiss. Instead, it filed an answer denying the essential allegations raised in the plaintiff's complaint. The action proceeded. Subsequently, Owens-Corning refused to obey a court order compelling it to produce Konzen and Boeschenstein. The trial court punished Owens-Corning for its refusal by entering a judgment against it on the issue of liability as a sanction. The case then proceeded to a jury trial, with the jury assessing Owens-Corning's liability at $213,811.79. The trial court entered judgment on that jury verdict.

Given this posture of the case, Owens-Corning has waived any defect in the plaintiff's complaint. Moreover, under the doctrine of aider by verdict, the jury verdict against Owens-Corning has cured not only all formal and purely technical defects in the complaint, but any defect in failing to allege or alleging imperfectly any substantial facts which are essential to a civil conspiracy cause of action.

Owens-Corning insists that it may challenge the sufficiency of the complaint at any time. It is true that an important exception to the aforementioned rules is that a defendant may raise at any time a claim that the complaint fails to state a cause of action. (*Wagner v. Kepler* (1951), 411 Ill. 368; *Krachock v. Department of Revenue* (1949), 403 Ill. 148.) However, this exception applies only when a complaint fails to state a recognized cause of action. The exception does not apply where the complaint states a recognized cause of action, but contains

an incomplete or otherwise insufficient statement of that cause of action.

Stated more succinctly, courts draw a distinction between a complaint that alleges no cause of action, which may be challenged at any time, and one which defectively or imperfectly alleges a cause of action. *Swager v. Couri* (1979), 77 Ill. 2d 173; *Lasko v. Meier* (1946), 394 Ill. 71, 73-74; see, *e.g., Worner Agency, Inc. v. Doyle* (1984), 121 Ill. App. 3d 219, *appeal after remand* (1985), 133 Ill. App. 3d 850 (although trial court erred in denying the defendant's motion to strike the plaintiff's complaint, which attempted to state a contract action but failed to allege any facts supporting consideration, the error was not preserved for review because the defendant filed an answer after the trial court denied its motion to strike).

The exception to the doctrines of waiver and aider by verdict does not apply in the present case. The relevant counts of the plaintiff's complaint were based on civil conspiracy. As discussed below, civil conspiracy is a recognized cause of action in Illinois. Consequently, Owens-Corning cannot now be heard to complain about the sufficiency of the plaintiff's complaint. The doctrines of waiver and aider by verdict prohibit this clever maneuver.

Civil conspiracy consists of a combination of two or more persons for the purpose of accomplishing by some concerted action either an unlawful purpose or a lawful purpose by unlawful means. (*Smith v. Eli Lilly & Co.* (1990), 137 Ill. 2d 222.) The function of a conspiracy claim is to extend liability in tort beyond the active wrongdoer to those who have merely planned, assisted or encouraged the wrongdoer's acts. W. Prosser, Torts § 46, at 293 (4th ed. 1971).

While the agreement is a necessary and important element of a cause of action for civil conspiracy, it does

not assume the same importance as in a criminal action. An agreement to commit a wrongful act is not a tort, even if it might be a crime. (W. Prosser, Torts § 46, at 293 (4th ed. 1971).) A cause of action for civil conspiracy exists only if one of the parties to the agreement commits some act in furtherance of the agreement, which is itself a tort. (W. Prosser, Torts § 46, at 293 (4th ed. 1971); see *Lasher v. Littell* (1903), 202 Ill. 551; *Illinois Traffic Court Driver Improvement Educational Foundation v. Peoria Journal Star, Inc.* (1986), 144 Ill. App. 3d 555.) Thus, the gist of a conspiracy claim is not the agreement itself, but the tortious acts performed in furtherance of the agreement. (W. Prosser, Torts § 46, at 293 (4th ed. 1971); see *Lasher v. Littell* (1903), 202 Ill. 551.) "It is only where means are employed, or purposes are accomplished, which are themselves tortious, that the conspirators who have not acted but have promoted the act will be held liable." W. Prosser, Torts § 46, at 243 (4th ed. 1971).

The appellate court determined that a cause of action for civil conspiracy exists when entities who have made an agreement perform *overt* acts in furtherance of the conspiracy which cause injury to another, even if such overt acts do not themselves constitute independent, tortious conduct. (247 Ill. App. 3d at 833, citing *Vance v. Chandler* (1992), 231 Ill. App. 3d 747, 750-51.) We agree with Owens-Corning that this is an inaccurate statement of the law. To state a cause of action for conspiracy, a plaintiff must allege not only that one of the conspirators committed an overt act in furtherance of the conspiracy, but also that such act was tortious or unlawful in character. W. Prosser, Torts § 46, at 293 (4th ed. 1971); see *Lasher v. Littell* (1903), 202 Ill. 551; *Illinois Traffic Court Driver Improvement Educational Foundation v. Peoria Journal Star, Inc.* (1986), 144 Ill. App. 3d 555; *Galinski v. Kessler* (1985), 134 Ill. App. 3d 602.

We disagree, however, with two related arguments that Owens-Corning raises in this appeal. First, we reject Owens-Corning's claim that a cause of action for civil conspiracy does not arise unless one of the conspirators commits an *intentional* tort in furtherance of the conspiracy. While a civil conspiracy is based upon intentional activity, the element of intent is satisfied when a defendant knowingly and voluntarily participates in a common scheme to commit an unlawful act or a lawful act in an unlawful manner. (See *Illinois Farmers Insurance Co. v. Preston* (1987), 153 Ill. App. 3d 644; *Jones v. City of Chicago* (7th Cir. 1988), 856 F.2d 985, 992.) There is no such thing as accidental, inadvertent or negligent participation in a conspiracy. (*Jones v. City of Chicago* (7th Cir. 1988), 856 F.2d 985, 993.) A defendant who innocently performs an act which happens to fortuitously further the tortious purpose of another is not liable under the theory of civil conspiracy. (Restatement (Second) of Torts § 876, Comment *c* on Clause (a) (1977).) A defendant who understands the general objectives of the conspiratorial scheme, accepts them, and agrees, either explicitly or implicitly to do its part to further those objectives, however, is liable as a conspirator. (*Jones v. City of Chicago* (7th Cir. 1988), 856 F.2d 985, 992.) Once a defendant· knowingly agrees with another to commit an unlawful act or a lawful act in an unlawful manner, that defendant may be held liable for any tortious act committed in furtherance of the conspiracy, whether such tortious act is intentional or negligent in nature.

We also reject Owens-Corning's implicit claim that to state a cause of action for civil conspiracy, a plaintiff must allege and prove that *Owens-Corning* itself, as opposed to one of the conspirators, performed an unlawful or tortious act in furtherance of the conspiracy. Owens-Corning acknowledges that this court has

never suggested that such an allegation is necessary to state a cause of action for conspiracy. Moreover, to adopt such a requirement would deprive the plaintiff of one of the fundamental benefits of a conspiracy claim, that is, that once the conspiracy is formed, all of its members are liable for injuries caused by any unlawful acts performed pursuant to and in furtherance of the conspiracy. See W. Prosser, Torts § 46, at 293 (4th ed. 1971) (Before liability for conspiracy may arise, "some act must be committed by *one* of the parties in pursuance of the agreement, which is itself a tort. *** [W]here means are employed, or purposes are accomplished, which are themselves tortious, *** the conspirators *who have not acted* but have promoted the act will be held liable" (emphasis added)); *Weber v. Cueto* (1993), 253 Ill. App. 3d 509; *Halberstam v. Welch* (D.C. Cir. 1983), 705 F.2d 472, 481 ("A conspirator need not participate actively in or benefit from the wrongful action in order to be found liable. He need not even have planned or known about the injurious action ***, so long as the purpose of the tortious action was to advance the overall object of the conspiracy").

As the above discussion makes clear, civil conspiracy is a recognized cause of action in this State. Thus, the plaintiff's complaint stated a legally recognized cause of action. Owens-Corning nevertheless claims that the judgment against it must be reversed because the plaintiff's complaint failed to allege sufficient facts to support a civil conspiracy cause of action. As we previously noted, however, Owens-Corning is precluded, under the doctrines of waiver and aider by verdict, from arguing that the complaint was factually deficient.

While we express no opinion on the factual sufficiency of the complaint, we note in passing that, when the trial court denied Owens-Corning's motion to dismiss the complaint under section 2—615, it was undoubtedly

aware of the fact that conspiracies are often purposefully shrouded in mystery. (*People ex rel. Scott v. College Hills Corp.* (1982), 91 Ill. 2d 138, 145-46.) Such actions, by their very nature, do not permit the plaintiff to allege, with complete particularity, all of the details of the conspiracy or the exact role of the defendants in the conspiracy. (*College Hills Corp.*, 91 Ill. 2d at 145-46; *Walsh v. Fanslow* (1984), 123 Ill. App. 3d 417, 422.) In fact, a conspiracy is rarely susceptible of direct proof; instead, it is established from circumstantial evidence and inferences drawn from evidence, coupled with common-sense knowledge of the behavior of persons in similar circumstances. (*Majewski v. Gallina* (1959), 17 Ill. 2d 92, 99.) A plaintiff cannot be required to plead with specificity the very facts that can only be proven by circumstantial evidence. (*College Hills Corp.*, 91 Ill. 2d at 146.) More importantly, a plaintiff is not required to allege facts with precision where the necessary information to do so is within the knowledge and control of the defendant and unknown to the plaintiff.

Here, the essential evidence needed to establish both the existence of the conspiracy and Owens-Corning's participation in that conspiracy was within Owens-Corning's knowledge and control. The plaintiff sought to prove, through the testimony of Konzen and Boeschenstein, that Owens-Corning and other asbestos manufacturers engaged in an industrywide conspiracy to conceal and affirmatively misstate the hazards associated with asbestos exposure. The plaintiff also sought to establish, through the testimony of these witnesses, that the co-conspirators performed tortious acts in furtherance of the conspiracy, thereby proximately causing the decedent's injuries. By refusing to comply with the trial court's order compelling it to produce those witnesses, Owens-Corning made a deliberate and strategic decision to suppress evidence. Owens-Corning's misconduct,

which basically amounts to an obstruction of justice, may be regarded by this court as an admission by conduct of each and every element of the plaintiff's cause of action. See *Kearney v. Brakegate, Ltd.* (1994), 263 Ill. App. 3d 355, 360; *Lubbers v. Norfolk & Western Ry. Co* (1983), 118 Ill. App. 3d 703, 711, *aff'd* (1984), 105 Ill. 2d 201; E. Cleary, McCormick on Evidence § 273, at 660 (2d ed. 1972).

After making this strategic decision which, in effect, amounted to an admission of liability, Owens-Corning now seeks to argue in this court that it cannot be held liable because the plaintiff's complaint was factually deficient. Owens-Corning's blatant misconduct cannot be condoned by this court. The sanction entered against it must stand.

As we previously noted, the doctrines of waiver and aider by verdict prevent Owens-Corning from succeeding in its scheme. Accordingly, the judgment of the appellate court, affirming the judgment of the circuit court, is affirmed.

*Affirmed.*