SIXTH DIVISION   

NOVEMBER 13, 1998

No. 1-97-1616

DONNETTE SCOTT, ) APPEAL FROM THE

) CIRCUIT COURT OF

Plaintiff-Appellant, ) COOK COUNTY.

)

v. )

)

ALDI, INC., a corporation, )

)

Defendant-Appellee, )

)

JOHN SPANN, ESTATE OF RETHA M. JONES, )

deceased, by MARK DEBOFSKY, Special )

Administrator, ) HONORABLE

) EDWARD R. BURR,

Defendants. ) JUDGE PRESIDING.

PRESIDING JUSTICE CAMPBELL delivered the opinion of the court:

Plaintiff Donnette Scott appeals the dismissal of count III of her three count amended complaint against defendant Aldi, Inc. (Aldi) in a personal injury action.  Defendants John Spann and the Estate of Retha M. Jones, deceased, by Mark Debofsky as special administrator, are not parties to this appeal.

The record on appeal indicates that plaintiff initially filed suit on May 9, 1996.  The amended complaint at issue here was filed on October 4, 1996.

Plaintiff's amended complaint contains the following allega­

tions.  Aldi is an Indiana corporation that owned and operated a supermarket near the intersection of 63rd Street and Lowe Avenue in Chicago, Illinois.  Aldi, through its agents or employees, allegedly entered into an agreement, arrangement, combination or conspiracy with other parties to operate an unlawful vehicle-for-

hire or livery or taxi business on its premises.

Aldi's employees allegedly allowed and permitted to operate the unlawful taxi business upon its premises and parking lot.  Aldi allegedly encouraged, allowed and permitted persons within the store to solicit Aldi customers for the unlawful taxi busi­

ness.  Aldi also permitted its employees to escort check-out customers from the store to for-hire vehicles lined up in the parking lot.  Aldi also allowed a person wearing a uniform or other apparel to stand in front of the main exit, direct for-hire vehicles to the front of the store and to escort customers into these vehicles.

Plaintiff also alleged that Aldi knew or should have known that the owners or drivers of the for-hire vehicles were engaged in an unlawful vehicle-for-hire or livery or taxi business, because it was allegedly obvious that the owners or drivers were soliciting business and were not licensed by the City of Chicago, lacked proper liability insurance, failed to have the vehicles properly inspected, failed to have a proper emblem, and failed to have valid chauffeur's licenses, in violation of the Chicago Municipal Code and the Illinois Vehicle Code.  See 625 ILCS 5/1-

111, 8-101 
et seq.
 (West 1996); Chicago Municipal Code §§ 9-112-

020, 9-112-030, 9-112-050, 9-112-170, 9-112-220, 9-112-240, 9-

112-340 (1990).

Plaintiff further alleged that on May 27, 1994, she was escorted by an individual working in the supermarket from the check-out counter to the front of the store where the uniformed person summoned a for-hire vehicle driven by Jones.  This vehicle then became involved in a collision with a car driven by defen­

dant Spann, killing Jones and injuring plaintiff.  Although Jones carried an insurance policy on her vehicle, her insurer denied coverage on the ground that the car was being used in a for-hire business at the time of the collision.

Counts I and II of the amended complaint allege negligence on the part of Spann and Jones, respectively.  Count III alleges civil conspiracy on the part of Aldi.  On October 29, 1996, Aldi filed a motion to dismiss for failure to state a claim.  On January 15, 1997, following briefing of the matter, the trial court granted Aldi's motion to dismiss, along with a finding that there was no just reason to delay enforcement or appeal of the order.  Plaintiff filed a motion for rehearing on January 31, 1997.  The trial court denied the motion for rehearing on April 14, 1997.  Plaintiff filed a timely Notice of Appeal to this court.

The sole issue on appeal is whether the trial court erred in dismissing count III of plaintiff's amended complaint pursuant to section 2-615 of the Illinois Code of Civil Procedure (735 ILCS 5/2-615 (West 1996)(Code).  It is well settled that when review­

ing the trial court's ruling on a section 2-615 motion, this court accepts as true all well-pleaded facts and draws from those facts all reasonable inferences which may be deemed favorable to the non-moving party.  
Weil, Freiburg & Thomas, P.C. v. Sara Lee Corp.
, 218 Ill. App. 3d 383, 388, 577 N.E.2d 1344, 1349 (1991).  This court is not required to defer to the trial court's judgment in considering the motion; the question of whether a motion was properly granted or denied is one of law and is reviewed 
de novo
.  
T & S Signs, Inc. v. Village of Wadsworth
, 261 Ill. App. 3d 1080, 1084, 634 N.E.2d 306, 308 (1994).

Count III of the amended complaint alleges civil conspiracy, which consists of a combination of two or more persons for the purpose of accomplishing by some concerted action either an unlawful purpose or a lawful purpose by unlawful means.  
Adcock v. Brakegate, Ltd.
, 164 Ill. 2d 54, 62, 645 N.E.2d 888, 894 (1994).   The function of a conspiracy claim is to extend liabil­

ity in tort beyond the active wrongdoer to those who have merely planned, assisted or encouraged the wrongdoer's acts.  
Adcock
, 164 Ill. 2d at 62, 645 N.E.2d at 894, 
citing
 W. Prosser, Torts § 46, at 293 (4th ed. 1971).  Once a defendant knowingly agrees with another to commit an unlawful act or a lawful act in an unlawful manner, that defendant may be held liable for any tor­

tious act committed in furtherance of the conspiracy, whether such tortious act is intentional or negligent in nature.  
Adcock
, 164 Ill. 2d at 64, 645 N.E.2d at 894.

However, an agreement to commit a wrongful act is not a tort, even if it might be a crime.  
Adcock
, 164 Ill. 2d at 63, 645 N.E.2d at 894, 
citing
 W. Prosser, Torts § 46, at 293 (4th ed. 1971).   A cause of action for civil conspiracy exists only if one of the parties to the agreement commits some act in further­

ance of the agreement, which is itself a tort.  
Adcock
, 164 Ill. 2d at 63, 645 N.E.2d at 894, 
citing
 W. Prosser, Torts § 46, at 293 (4th ed. 1971).   The gist of a civil conspiracy claim is not the agreement itself, but the tortious acts performed in further­

ance of the agreement.  
Adcock
, 164 Ill. 2d at 63, 645 N.E.2d at 894, 
citing
 W. Prosser, Torts § 46, at 293 (4th ed. 1971).  "It is only where means are employed, or purposes are accomplished, which are themselves tortious, that the conspirators who have not acted but have promoted the act will be held liable."  
Adcock
, 164 Ill. 2d at 63, 645 N.E.2d at 894, 
quoting
 W. Prosser, Torts § 46, at 293 (4th ed. 1971).

In this case, the trial court dismissed count III of the amended complaint on the ground that the alleged conspiracy "was to do something which is prohibited by law but which does not constitute a tort."  The trial court had concluded that the "tort was the negligent driving of the vehicle and the conspiracy was not one which was created so that somebody could operate a vehi­

cle negligently."  In support of this ruling, Aldi relies on the aforementioned rule from 
Adcock
 that an agreement to commit a wrongful act is not a tort, even if it might be a crime.  Aldi also relies on 
Galinski v. Kessler
, 134 Ill. App. 3d 602, 480 N.E.2d 1176 (1985), in which this court held that the plaintiff could not state a cause of action for conspiracy to commit bar­

ratry -- a criminal offense -- because there is no civil cause of action for barratry.

Thus, the question is whether the operation of an unli­cens­

ed, uninsured for-hire vehicle service is not only illegal, but also tortious conduct.  The word "tortious"  generally describes conduct which may subject a defendant to liability under the law of torts.  Restatement (Second) of Torts § 6 (1977).  Plaintiff notes that the violation of a statute or ordinance designed to protect human life or property is 
prima facie
 evidence of negli­

gence.  
E.g.
, 
Kalata v. Anheuser-Busch Cos.
, 144 Ill. 2d 425, 434, 581 N.E.2d 656, 661 (1991).

In this case, plaintiff alleges numerous violations of the Chicago Municipal Code and chapter 8 of the Illinois Vehicle Code, including provisions requiring proof of financial responsi­

bility.  This court has stated that the purpose of the prior versions of these laws was "to protect 
any of the public who may sue to recover damages
 for injuries received in or by public vehicles."  
De Luxe Motor Cab Co. v. Dever
, 252 Ill. App. 156, 163 (1929)(emphasis added).  Defendant has offered no reason for concluding otherwise with respect to the current statutes and ordinances cited in plaintiff's amended complaint.  

We conclude that the statute is a public safety statute, the violation of which is evidence of negligence.  It follows that the alleged conspiracy is one to operate vehicles negligently.  Unlike the barratry claim in 
Galinski
, the operation of an un­

licensed, uninsured for-hire vehicle service is not only unlaw­ful, but also tortious conduct in furtherance of the alleged conspiracy.  Accordingly, plaintiff has alleged more than a mere agreement to engage in unlawful acts; she has alleged a conspir­

acy to engage in tortious acts and that such acts were committed in furtherance of the alleged agreement.

Relying on 
Parra v. Tarasco, Inc.
, 230 Ill. App. 3d 819, 595 N.E.2d 1186, (1992), the trial court also concluded that a pri­

vate cause of action did not exist under the statutes and ordinances cited by the plaintiff.  Although defendant does not raise this argument on appeal, we consider it because the dis­

missal may be affirmed on any basis appearing in the record.  In 
Parra
, a wrongful death action brought after the decedent choked to death in the defendant's restaurant, this court held that there was no private cause of action arising from the defendant's failure to conspicuously post instructions concerning first aid for choking persons in violation of the Choke-Saving Methods Act.

The 
Parra
 court applied a four-prong test to determine whether a private cause of action existed under the Choke-Saving Methods Act, but it is not necessary to undertake this analysis where a cause of action for negligence already exists.  See 
Board of Education v. A, C & S, Inc.
, 131 Ill. 2d 428, 471, 546 N.E.2d 580, 600 (1989).  As plaintiff adequately alleges negligence in the operation of the for-hire vehicle service, it is not neces­

sary for the illegal acts to give rise to a private cause of action.

Moreover, we note in passing that the four-prong test em­

ployed in 
Parra
 is not a rigid formula; Illinois courts will imply a private cause of action where there is clear need to effectuate the purposes of a statute.  
A, C & S, Inc.
, 131 Ill. 2d at 470-71, 546 N.E.2d at 599-600; 
Parra
, 230 Ill. App. 3d at 824, 595 N.E.2d at 1189.  In 
Parra
, this court concluded that recognizing a private cause of action would undermine the purpos­

es of the Choke-Saving Methods Act, which imposes a minor fine to promote voluntary first aid efforts and to relieve "good samari­

tans" from liability.  In this case, the trial court correctly noted that an uninsured driver may lose his or her license, but this sanction by itself clearly does not effectuate the purpose of ensuring some level of compensation for persons injured in or by public vehicles.  Accordingly, we conclude that the trial court's conclusion that a private right of action did not exist under the Illinois Vehicle Code cannot support the dismissal of plaintiff's amended complaint.

Implicit in defendant's arguments on appeal and the trial court's dismissal is the idea that the negligent driving by Jones alleged in count II of the amended complaint, 
e.g.
, failing to keep a proper lookout, is completely separable from the evidence of negligence provided by the alleged violations of statutes and ordinances in count III.  It is true that a claim of civil con­

spiracy alleging assistance or encouragement of tortious conduct may fail if the acts ultimately causing injury were not foresee­

able.  See Restatement (Second) of Torts § 876, comment 
d
 (1977).  In such cases, a determination of liability will be based on the same factors used to determine causation in a case of negligence.  See Restatement (Second) of Torts § 876, comment 
d
.

In this regard, defendant argues that plaintiff failed to sufficiently allege facts showing that the alleged negligence directly and proximately caused her injury.  See 
Parra
, 230 Ill. App. 3d at 827, 595 N.E.2d at 1191.  In 
Parra
, this court held that the plaintiff failed to adequately allege proximate causa­

tion between defendant's failure to conspicuously post first aid instructions in its restaurant and decedent's death from choking.  
Parra
, 230 Ill. App. 3d at 827-28, 595 N.E.2d at 1191.  For example, the plaintiff failed to allege that anyone failed to perform the Heimlich Maneuver or performed it incorrectly due to the lack of posted instructions in the restaurant.  
Parra
, 230 Ill. App. 3d at 828, 595 N.E.2d at 1191.

In this case, plaintiff alleges that defendant's involvement in a conspiracy caused her to travel in an unlawfully operated, uninsured for-hire vehicle.  For example, plaintiff alleges that defendant's employees allowed and participated in solicitation of the illegal service within the store and escorted customers, including plaintiff, to agents of the unlawful services who would help customers into the vehicles.  Our supreme court held in 
Ney v. Yellow Cab Co.
, 2 Ill. 2d 74, 117 N.E.2d 74 (1954), that a taxicab company could be liable in negligence where a driver violated the Uniform Traffic Act by leaving a taxicab running unattended and a thief stole the taxicab, colliding with another vehicle while in flight.  The 
Ney
 court rejected arguments that plaintiff could not show proximate causation and that plaintiff was not within the class of persons protected by the statute.  

This case is stronger than 
Ney
.  In this case, there is no issue of whether there is an independent criminal act that breaks the chain of causation, as plaintiff here alleges that defendant knew of and was part of the alleged unlawful scheme.  Whether plaintiff can ultimately establish that defendant acted in con­

cert with others or pursuant to a common design is beyond the scope of this appeal, as is the question as to whether the al­

leged assistance or encouragement was substantial.  See Re­state­ment (Second) of Torts § 876 (1977).  Plaintiff's amended complaint alleges facts demonstrating a chain of causation that distinguish this case from 
Parra
.  Thus, plaintiff has suffi­

ciently alleged causation to survive a section 2-615 motion to dismiss in this case.

Defendant argues in the alternative that plaintiff failed to allege sufficient facts to show an agreement between defendant and the owners and operators of the illegal for-hire vehicles.  However, the supreme court has reasoned that because conspiracies are often purposefully shrouded in mystery, claims of conspiracy do not permit the plaintiff to allege, with complete particular­

ity, all of the details of the conspiracy or the exact role of the defendants in the conspiracy.  
Adcock
, 164 Ill. 2d at 66, 645 N.E.2d at 895.  As a conspiracy is rarely susceptible of direct proof, a plaintiff cannot be required to plead with specificity the very facts that can only be proven by circumstantial evi­

dence.  
Adcock
, 164 Ill. 2d at 66, 645 N.E.2d at 895.  

In this case, plaintiff alleges circumstances of the opera­

tion of the supermarket and acts undertaken by defendant's agents which lead plaintiff to infer that an agreement existed regarding the operation of the for-hire vehicles from the supermarket parking lot.  Whether plaintiff will be able to present clear and con­vincing evidence of the alleged conspiracy as required by Illinois law is beyond the scope of this appeal.  See, 
e.g.
, 
Bergeson v. Mullinix
, 399 Ill. 470, 78 N.E.2d 297 (1948).  At this stage of the litigation, we conclude that plaintiff has pleaded sufficient facts and circumstances to state her claim of an agreement.

Finally, defendant argues that the amended complaint is deficient because it fails to seek a remedy in tort.  Defendant notes that the amended complaint states that defendant must "indemnify" Jones and plaintiff for her loss, "as if the driver was covered by *** proper commercial liability insurance" as required by law.  The amended complaint then seeks damages in excess of $30,000, "in a just and reasonable amount."  

Although the word "indemnify" generally refers to a collat­

eral contract of insurance, it may also be used "to denote a compensation given to make the person whole from a loss already sustained ***."  Black's Law Dictionary (5th ed. 1979) at 692.  Moreover, plaintiff's complaint ultimately seeks damages from the defendant.  Plaintiff's use of the indemnity metaphor may be construed as describing the proper measure of damages to be sought.  Thus, we conclude that the plaintiff's use of the word "indemnify" need not be construed as a failure to seek a remedy in tort.

For all of the aforementioned reasons, the judgment of the circuit court of Cook County is reversed and the case remanded for further proceedings.

Reversed and remanded.

BUCKLEY, J., and QUINN, J., concur.