2024 IL App (1st) 230093-U

No. 1-23-0093

Order filed September 12, 2024

Fourth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| CLAUDIA MEDINA, | ) | |
| | ) | |
| | ) | Appeal from the |
| Plaintiff-Appellant, | ) | Circuit Court of |
| | ) | Cook County. |
| v. | ) | |
| | ) | No. 2021 L 4852 |
| DR. JAMES L. HENDERSON and | ) | |
| RODNEY ALEXANDER, | ) | Honorable |
| | ) | Gerald Cleary, |
| Defendants-Appellees. | ) | Judge Presiding |
| | ) | |
| | ) | |

_____

JUSTICE LYLE delivered the judgment of the court.
Presiding Justice Mitchell and Justice Mikva concurred in the judgment.

**ORDER**

¶ 1   *Held*:   We affirm the circuit court's order to dismiss plaintiff's complaint where plaintiff failed to state a cause of action and where plaintiff waived argument for defendants' counsel's disqualification.

¶ 2   Plaintiff-Appellant Claudia Medina filed a series of complaints against Defendant-Appellants Dr. James L. Henderson and Rodney Anderson for defamation. The circuit court

dismissed Ms. Medina's Second Amended Complaint with prejudice for failure to state a claim. Ms. Medina now appeals the court's order. For the reasons that follow, we affirm.

¶ 3                                I. BACKGROUND

¶ 4     Ms. Medina was an elected member of the Board of Education of Proviso Township High School District 209 ("the Board"). The Board consisted of seven elected members. Mr. Alexander served as the President of the Board during the relevant portion of the Second Amended Complaint. On July 22, 2020, the Board voted to offer Dr. James L. Henderson the position of Superintendent.

¶ 5     After Dr. Henderson was hired, Ms. Medina began having disputes with him. In September 2020, Ms. Medina requested a detailed description of budget reductions, changes in the funding and an explanation of the deficit in the budget. On September 13, 2020, Dr. Henderson emailed the Board, complaining about Ms. Medina's requests. On September 16, 2020, Ms. Medina was removed from her appointed position as Vice President by the Board. Ongoing disagreements between Ms. Medina and Mr. Alexander led to private and public statements made by Mr. Alexander. In his statements, he voiced his support for Dr. Henderson and questioned Ms. Medina's conduct. The disputes between Ms. Medina and Mr. Alexander culminated into the dissemination of a pamphlet entitled "Setting the Record Straight," which was sent to the residents of Proviso Township.

¶ 6     On May 11, 2021, Ms. Medina filed suit against the Proviso Township High School District 209, Dr. Henderson, Mr. Alexander, and the other elected members of the Board. Her complaint included claims of defamation *per se*, false light and civil conspiracy. On September 13, 2021, the circuit court dismissed the complaint without prejudice. On October 12, 2021, Ms. Medina filed an amended complaint which included the same three counts as the original complaint but only

included claims against Dr. Henderson and Mr. Alexander. On April 27, 2022, the court dismissed the amended complaint without prejudice.

¶ 7     Ms. Medina filed a second amended complaint on June 8, 2022. Ms. Medina's complaint stated claims of defamation *per se*, false light, and civil conspiracy against both Dr. Henderson and Mr. Alexander, and one claim of defamation *per quod* against Mr. Alexander. On December 16, 2022, the circuit court granted Defendants' motion to dismiss with prejudice, finding that Ms. Medina had failed to state a claim. Ms. Medina timely filed a notice of appeal.

¶ 8                                   II. ANALYSIS

¶ 9     We find that we have jurisdiction to consider the merits of this appeal pursuant to Illinois Supreme Court Rules 301 (eff. Feb. 1, 1994) and 303(a) (eff. July 1, 2017). On appeal, Ms. Medina asserts that the circuit court erred in dismissing her complaint with prejudice. A motion to dismiss under section 2-615(a) of the Code of Civil Procedure (735 ILCS 5/2-615(a) (West 2002)) tests the legal sufficiency of the complaint. *Solaia Technology, LLC v. Specialty Public Co.*, 221 Ill. 2d 558, 579 (2006). On review, the question is whether the allegations of the complaint, when construed in the light most favorable to the plaintiff, are sufficient to establish a cause of action upon which relief may be granted. *Green v. Rogers*, 234 Ill. 2d 478, 491 (2009). Our standard of review is *de novo*. *Id.*

¶ 10    To state a claim for defamation, a plaintiff must provide facts that allege (1) the defendant made a false statement about the plaintiff, (2) the defendant made an unprivileged publication of that statement to a third party, and (3) the publication caused damages. *Dent v. Constellation NewEnergy, Inc.*, 2022 IL 126795, ¶ 26. A statement is defamatory if it tends to harm a person's

reputation to the extent that it lowers that person in the eyes of the community or deters others from associating with that person. *Hadley v. Doe*, 2015 IL 118000, ¶ 30.

¶ 11    A statement is defamatory *per se* if its defamatory character is obvious and apparent on its face and injury to the plaintiff's reputation may be presumed. *Tuite v. Corbitt*,  224 Ill. 2d 490, 501 (2006). In Illinois, there are five categories of defamation *per se*: (1) statements imputing the commission of a crime; (2) statements imputing infection with a loathsome communicable disease; (3) statements imputing an inability to perform or want of integrity in performing employment duties; (4) statements imputing a lack of ability or that otherwise prejudice a person in her profession or business; and (5) statements imputing adultery or fornication. *Id.*

¶ 12    However, if a statement is defamatory *per se*, it may fall under constitutional protection as an expression of opinion. *Solaia Technology, LLC*, 221 Ill. 2d at 581. A defamatory statement is constitutionally protected if it cannot be reasonably interpreted as stating actual fact. *Hadley*, 2015 IL 118000, ¶ 33. When considering whether a statement is an expression of opinion or a defamatory statement of fact, courts consider whether the statement has a precise and readily understood meaning; whether the statement is verifiable; and whether the statement's literary or social context signals that it has factual content. *Solaia Technology, LLC*,  221 Ill. 2d. at 581.

¶ 13    Here, Ms. Medina has alleged defamation *per se* against both defendants. Regarding her complaint against Mr. Alexander, she alleges he made "false statements about Claudia Medina being a liar and not fulfilling her duties as a Board of Education member." Ms. Medina's complaint against Dr. Henderson alleged that he made "obviously false statements about Claudia Medina that she was not a Board member or that she did not have the ability to perform her position as a Board member***." She argues the trial court erred in finding Defendants' statements to be opinion,

citing *Milkovich v. Lorain Journal Co.*, 497 U.S. 1 (1990) to support her contentions. However, we do not believe Ms. Medina's interpretation of *Milkovich* is correct.

¶ 14     In *Milkovich*, the United States Supreme Court held that factual statements could not be shielded by claims that the statements were merely opinion. *Id.* at 19. The Court clarified that "an additional separate constitutional privilege for 'opinion' " was unnecessary because of previously established tests for determining defamation. *Id.* For example, *New York Times Co. v. Sullivan* 376 U.S. 254 (1964), established the rule that public officials cannot recover for defamation without proving the statement was made with actual malice or "with the knowledge that it was false or with reckless disregard of whether it was false or not." *Id.* at 14. In *Hustler Magazine, Inc. v. Falwell*, 485 U.S. 46 (1988), the Court recognized constitutional protections for statements that cannot reasonably be interpreted as stating actual facts about an individual. *Id.* at 20.

¶ 15     Our supreme court has relied on those same rules to determine whether a statement is actionable by examining whether it can be reasonably interpreted as stating actual fact. *Imperial Apparel, Ltd. v. Cosmo's Designer Direct, Inc.*, 227 Ill. 2d 381, 398 (2008); see *Solaia Technology, LLC*, 221 Ill. 2d at 581; see also *Dobias v. Oak Park and River Forest High School District 200*, 2016 IL App (1st) 152205, ¶ 61. Upon review of the record, we find that the trial court conducted a proper analysis, and we agree with its determination that Defendants' statements cannot reasonably be interpreted as stating actual facts. We note that Ms. Medina provides no argument nor analysis to refute the trial court's characterization. We, therefore, affirm the court's order to dismiss the counts of defamation *per se* against both defendants.

¶ 16     Ms. Medina's claim alleging defamation *per quod* against Mr. Alexander also fails. A plaintiff may assert a claim for defamation *per quod* in two circumstances. First, a *per quod* claim

is actionable where the defamatory character of the statement is not apparent on its face and extrinsic facts are used to demonstrate the injurious meaning. *Bryson v. News America Publications, Inc.*, 174 Ill. 2d 77, 103 (1996). Alternatively, a plaintiff may state a claim for defamation *per quod* if the statement does not fall into one of the actionable *per se* categories. *Id.* In such actions, the statement is defamatory on its face, but damage to the plaintiff's reputation will not be presumed. *Id.* The plaintiff must also allege that she suffered special damages, or "actual damage of a pecuniary nature," as a result of the defamatory statement. *Hyan Moon v. Kang Jun Liu*, 2015 IL App (1st) 143606, ¶ 14.

¶ 17    Ms. Medina asserts that her claim belongs to the second class of *per quod* actions. However, not only does she fail to specify which of Mr. Alexander's statements is defamatory on its face, she makes no argument to establish special damages, which is the basis of the trial court's finding in favor of Defendants. In her briefs, she states that she has been damaged because "she lost business at her school." This declaration is insufficient. See *Rivera v. Allstate Insurance Co.*, 2021 IL App (1st) 200735, ¶ 50 (holding that general allegations such as damage to one's reputation, economic loss, and emotional distress are insufficient to state a cause of action for defamation *per quod*). Thus, we affirm the trial court's order dismissing this count with prejudice.

¶ 18    We now move to Ms. Medina's claim of false light. To assert a claim of false light, a plaintiff must plead: (1) that she was placed in a false light before the public by the defendant; (2) the false light would be offensive to a reasonable person; and (3) the defendant acted with actual malice. *Chang Hyan Moon*, 2015 IL App (1st) 143606, ¶ 17. However, where a plaintiff's unsuccessful defamation *per se* claim is the basis of her false light claim, the plaintiff's false light claim fails as well. *Seith v. Chicago Sun-Times, Inc.*, 371 Ill. App. 3d 124, 139 (2007).

Additionally, to assert a claim for false light based on statements that are not defamatory *per se*, a plaintiff must allege that she suffered special damages. *Chang Hyan Moon*, 2015 IL App (1st) 143606, ¶ 17. As previously discussed, Ms. Medina's defamation *per se* claims were held to be meritless and she failed to submit proof of special damages to support a *per quod* claim. We therefore uphold the trial court's dismissal of the false light claim.

¶ 19      Ms. Medina's remaining claim asserting civil conspiracy against Defendants is also unavailing. A civil conspiracy consists of a combination of two or more persons acting for the purpose of accomplishing by some concerted action either an unlawful purpose or a lawful purpose by unlawful means. *Adcock v. Brakegate, Ltd.*, 164 Ill. 2d 54, 62 (1994). To state a cause of action for conspiracy, a plaintiff must allege that one of the conspirators committed an overt act in furtherance of the conspiracy and that such act was tortious or unlawful in character. *Id.* at 63. Because Ms. Medina failed to state a cause of action for the underlying defamation and false light claim, her civil conspiracy claim also fails. Therefore, the trial court's order granting Defendants' motion to dismiss is affirmed.

¶ 20      Finally, Ms. Medina argues that Defendants' attorney should have been disqualified from representation due to a conflict of interest. However, she failed to raise this issue in the trial court. "It is well settled that issues not raised in the trial court are deemed waived and may not be raised for the first time on appeal." *Haudrich v. Howmedica, Inc.*, 169 Ill. 2d 525, 536 (1996). As a result of her failure to raise this claim, it is waived. Accordingly, we affirm the decision of the trial court.

¶ 21                                CONCLUSION

¶ 22      For the reasons explained above, we affirm the judgement of the circuit court.

¶ 23      Affirmed.