2026 IL App (1st) 241978-U

No. 1-24-1978

Order filed March 10, 2026

SECOND DIVISION

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST DISTRICT

| | | |
|---|---|---|
| SHERWOOD SOLUTIONS, INC., | ) | |
| | ) | Appeal from the Circuit Court |
| Plaintiff-Appellee, | ) | of Cook County |
| | ) | |
| v. | ) | No. 2022 M1 717674 |
| | ) | |
| POTOMAC GROUP, INC., and FREDERICK | ) | Honorable |
| BILLINGS, | ) | Carrie E. Hamilton, |
| | ) | Judge Presiding. |
| Defendants-Appellants. | ) | |

JUSTICE D.B. WALKER delivered the judgment of the court.
Justices McBride and Ellis concurred in the judgment.

**ORDER**

¶ 1    *Held*:    The circuit court did not err when it denied defendants' motion to dismiss and motion for summary judgment. We affirm.

¶ 2    This matter arises from an eviction action pursuant to a lease agreement between Sherwood Solutions, Inc. (plaintiff) and defendant Potomac Group, Inc. (Potomac). Defendant Frederick Billings (Billings) is the manager of Potomac and lived on the leased premises at 3201 Nottingham Court in Olympia Fields, Illinois (the Property) throughout and

beyond the designated lease term. After a jury trial, judgment was entered for plaintiff, awarding it possession of the Property and finding Potomac liable for $124,694.90 in damages for rent. Although an eviction order has been entered, and defendants allege no flaw in it, they assert that the circuit court erred by denying their motion to dismiss and their motion for summary judgment. We disagree with defendants' contentions. We affirm the circuit court's orders.

¶ 3                                    I. BACKGROUND

¶ 4        The parties both refer to the facts of the chancery case *Otoniel Sanchez v. Sherwood Solutions, Inc.*, 2021 CH 013169, for the earlier history of the Property, and we take judicial notice thereof. On September 23, 2014, Mayne Gate Creek, LLC ("Mayne Gate") received the Property by special warranty deed. A foreclosure action was commenced on May 1, 2015 based on Mayne Gate's failure to make payments on its mortgage. The Property was sold to Otoniel Sanchez ("Sanchez") at a sheriff sale on June 27, 2018. The sale was confirmed on December 4, 2018, and a sheriff's deed vesting Sanchez with the title was recorded on January 10, 2019.

¶ 5        Sanchez alleged in his complaint in that case that a reformation order was entered and recorded, which incorrectly reflected that the Property had not been sold and conveyed to him, thereby leaving the title with Mayne Gate. The parties in the chancery case agree that a quitclaim deed was recorded which transferred the Property from Mayne Gate to Paya Group, Inc. ("Paya") as of September 13, 2019. Billings was both the manager of Mayne Gate and the president of Paya. On September 27, 2019, Paya sold the Property to plaintiff, and Billings executed and delivered a warranty deed to plaintiff on Paya's behalf.

¶ 6    The parties agree that plaintiff and Potomac entered into a lease agreement for the period of November 8, 2019 through November 8, 2020. On November 10, 2022, plaintiff brought an eviction action against Potomac and Billings, alleging that Potomac had failed to pay rent in accordance with the agreement after the first four months. Plaintiff sought possession of the premises and a money judgment for the outstanding rent.

¶ 7                                                    A. Motion to Dismiss

¶ 8    On December 20, 2023, defendants filed a motion to dismiss pursuant to section 2-619 of the Code of Civil Procedure. 735 ILCS 5/2-619 (West 2022). Defendants argued that 1) Potomac had, on November 7, 2020, exercised an option in the lease to purchase the Property, 2) plaintiff lacked standing to seek possession because it did not actually own the Property because it rightfully belonged to Sanchez , and 3) that the plaintiff corporation was dissolved after filing the eviction action and therefore the case must be dismissed. Attached to this motion to dismiss were several documents, including the lease agreement, documents purporting to be emails discussing the sale of the Property from plaintiff to Potomac, an incomplete real estate contract with plaintiff listed as the seller with no buyer listed and no signatures executing the contract, a copy of Sanchez' petition to quiet title, an unofficial copy of the quitclaim deed from Mayne Gate to Paya, an unofficial copy of the warranty deed from Paya to plaintiff, an unofficial copy of plaintiff's mortgage on the Property, a printout from the Illinois Secretary of State website showing that plaintiff was dissolved on November 11, 2022, and a signed certification from Billings. In the certification, Billings attested to, among other things, the actions of defendants' attorney, including that he sent emails to plaintiff and informed plaintiff that Potomac agreed to buy the Property under the option in the lease and was ready to do so.

¶ 9     Plaintiff's response to the motion to dismiss asserted that (1) the motion was not accompanied by any proof showing that Potomac had exercised an option to purchase the Property, (2) issues related to the title are legally irrelevant to proceedings seeking right to immediate possession of the Property, (3) defendants did not dispute in the motion that they failed to pay the rent agreed upon in the lease agreement, (4) defendants made no assertions and provided no proof in their motion to show that they had a superior right to possession, (5) the statements regarding communications between Potomac's attorney and plaintiff were inadmissible hearsay, and (6) that defendants should be judicially estopped from asserting that plaintiff did not own the Property when they admitted in the *Sanchez* case that plaintiff purchased the Property from Paya.

¶ 10    On February 14, 2024, a date on which a status hearing was scheduled, the circuit court denied defendants' motion to dismiss. The written order did not detail the court's reasoning, nor did it make any reference to reasoning detailed in court. The report of proceedings contains no record of a February 14, 2024 status hearing.

¶ 11                    B. Motion for Summary Judgment

¶ 12    On August 19, 2024, defendants moved for summary judgment, arguing there was no genuine issue of material fact that (1) Potomac exercised its option to purchase the Property, (2) Billings did not sign the lease agreement in his individual capacity and therefore summary judgment should be granted in his favor, and (3) plaintiff was dissolved and therefore cannot maintain the action. Just two days later, on August 21, 2024, the circuit court denied the motion for summary judgment "[b]ased upon the inherent factual issue as to whether Defendant Potomac Group, Inc. properly exercised a purported purchase option under the parties' lease." No further reasoning was detailed or referenced.

¶ 13        The case was tried before a jury, which returned a verdict on September 16, 2024. Judgment was entered in plaintiff's favor, awarding it possession and damages against Potomac in the amount of $124,694.90. Defendants filed notice of this timely appeal on September 23, 2024. Defendants sought to appeal 14 enumerated orders including the order denying summary judgment, but not including the order denying defendants' first motion to dismiss and not including the final judgment against defendants. The notice of appeal lists a July 15, 2024 order denying consolidation, which is the same order in which the court denied defendants' second motion to dismiss. However, defendants' arguments on appeal concern only the motion for summary judgment and the *first* motion to dismiss.

¶ 14                                    II. ANALYSIS

¶ 15        On appeal, defendants make no arguments regarding 13 of the 14 orders enumerated in its notice of appeal, yet one of its two arguments concerns the first motion to dismiss, which is not listed in the notice of appeal. Defendants argue that the circuit court erred in denying the motion to dismiss because (1) plaintiff lacked standing and (2) plaintiff failed to carry its burden to rebut defendants' affirmative defense that plaintiff lacked standing. Additionally, defendants argue that the order denying summary judgment was erroneous because (1) it was undisputed that Billings signed the lease as an agent of Potomac, not in his personal capacity, therefore summary judgment should have been granted as to him, and (2) "[b]ecause plaintiff failed to rebut [defendants'] motion, and because there was no genuine disputed issue of fact that [Potomac] validly exercised its option to purchase," summary judgment should have been granted in Potomac's favor.

¶ 16        It is unclear to this court why defendants have chosen to appeal the decisions at the motion to dismiss and summary judgment stages, but not the final judgment itself. That decision renders our analysis rather brief, as these pretrial decisions are not appealable, and we therefore lack jurisdiction.

¶ 17        With regard to the motion to dismiss, we direct defendants to *Adcock*, in which our supreme court held: "Generally, where a trial court denies a defendant's motion to dismiss a complaint, and that defendant elects to file an answer to the complaint, the defendant *waives* any defect in the pleading." (Emphasis in original.) *Adcock v. Brakegate, Ltd.*, 164 Ill. 2d 54, 60 (1994). *Adcock* also noted the doctrine of "aider by verdict," which dictates that once an action has proceeded to a verdict, the "verdict will cure not only all formal and purely technical defects and clerical errors in a complaint, but will also cure any defect in failing to allege or in alleging defectively or imperfectly any substantial facts which are essential to a right of action." (Internal quotation marks omitted.) *Id*. at 60-61.

¶ 18        Furthermore, this court has held: "[T]he denial of a section 2-619 motion to dismiss is not generally reviewable on appeal as any error in the denial of the motion merges into the final judgment ***, and it is from that final judgment that an appeal is taken." *Ovnik v. Podolskey*, 2017 IL App (1st) 162987, ¶ 19. *Ovnik* goes on to note that our supreme court has held that this same principle applies to motions for summary judgment and provides a collection of cases holding as much. *Id*. ¶ 20.

¶ 19        An exception to this principle exists with motions for summary judgment "where the issue raised in the summary judgment motion presents a question of law." *Young v. Alden Gardens of Waterford, LLC*, 2015 IL App (1st) 131887, ¶ 42. In this case, the issues brought before us regarding the order on summary judgment are whether Billings signed the lease in

a personal capacity and whether Potomac did in fact exercise its option to purchase the property. These questions both require decisions to be made about what actions were taken by Billings and Potomac and the interpretation of evidence; as such, they are not questions of law, but of fact.

¶ 20 As defendants have presented no appealable issues, we must affirm the circuit court's orders.

¶ 21 III. CONCLUSION

¶ 22 For the foregoing reasons, we find the circuit court's orders on the first motion to dismiss under section 2-619 and on summary judgment to be unreviewable. As a result, we affirm those orders.

¶ 23 Affirmed.